■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS PORR, JR., Appellant.—Judgment of the Supreme Court, New York County (Edwin Torres, J.), rendered on June 2, 1987, convicting defendant, following a jury trial, of murder in the second degree and sentencing him to an indeterminate prison term of from 20 years to life, is unanimously affirmed.

Viewing the evidence in a light most favorable to the People, a reasonable trier of fact could find beyond a reasonable doubt that defendant was guilty of depraved murder *(People v Contes,* 60 NY2d 620). The eyewitness testimony of Kendell Edwards and Benjamin Pickett, as well as, *inter alia,* the testimony of trauma specialist Dr. Kilhenny, sufficiently demonstrated that defendant's conduct and brutality "presented a very high risk of death", indicating a "wanton indifference to human life [and] a deprav[ed] mind" *(People v Register,* 60 NY2d 270, 274, *cert denied* 466 US 953). Specifically, the record showed that defendant gouged the partially disrobed victim, Katherine Dixon, in the groin area with a stick, beat her about her head and body with a branch-like object, tossed her down a steep 17-foot railroad embankment, causing her head to strike the tracks, and left her there, unconscious and bleeding. Medical evidence established that the victim suffered brain death as a consequence of multiple head wounds, including a depressed open skull fracture on the right front temporal region. When life-support systems were withdrawn, the victim expired.

The fact that defendant had meaningful representation is indicated by his acquittal on charges of intentional murder and sexual abuse in the first degree. Trial counsel's apparent strategy in raising the alternate defenses of accident and intoxication was soundly based in the evidence and provided defendant with the possibility of either a complete or partial acquittal. Nonetheless, defendant advances a variety of

grounds for the proposition that his attorney was ineffective, none of which is meritorious. It is also noted that defendant has not sustained his burden of establishing that, except for counsel's alleged unprofessional errors, the outcome of the proceeding would have been different *(see, Strickland v Washington,* 466 US 668, 694). Finally, considering defendant's extensive criminal record, the gravity of the instant crime and that he was sentenced to less than the maximum prison term for second degree murder, there is no basis for finding an abuse of discretion on the part of the sentencing court *(see, People v Junco,* 43 AD2d 266, *affd* 35 NY2d 419, *cert denied* 421 US 951). Concur—Murphy, P. J., Milonas, Rosenberger, Asch and Rubin, JJ.