■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WATSON, Appellant.—Judgment, Supreme Court, New York County (Jerome W. Marks, J., at *Wade* hearing, nonjury trial and sentence), rendered November 10, 1986, convicting defendant of rape in the first degree and robbery in the the third degree and sentencing him to concurrent terms of imprisonment of from 6 to 12 years and 2 to 4 years, respectively, unanimously affirmed.

Defendant claims he was deprived of effective assistance of counsel in violation of his Federal and State constitutional rights, because of counsel's failure to request a *Sandoval* ruling and move for recusal. These two claims, by themselves, are insufficient for a finding that counsel had failed to provide "meaningful misrepresentation" within the meaning of *People v Baldi* (54 NY2d 137, 147; *see also, People v Rivera*, 71 NY2d 705). Moreover, counsel's failure created no prejudice, since the court's exposure to the alleged prejudicial information was

acquired through the court's performance of its adjudicative responsibilities and a court is generally deemed " 'uniquely capable of distinguishing the issues and of making an objective determination' based upon appropriate legal criteria, despite awareness of facts which cannot properly be relied upon in making the decision *(People v Brown,* 24 NY2d 168, 172)". *(People v Moreno,* 70 NY2d 403, 406.) Thus, the court's exposure to the full breadth of defendant's criminal past, to which it would, in any event, have been exposed had a *Sandoval* motion been made and ruled upon, and to the alleged hearsay testimony arising out of the *Wade* hearing, did not preclude defendant from obtaining an objective determination. *(Supra; People v Porr,* 160 AD2d 507.)

We also reject defendant's claim that his jury waiver, pursuant to CPL 320.10 (2), did not comply with the statutory requirements. The record fully supports the view that defendant's waiver was knowingly, intelligently and voluntarily made. There is no requirement of a uniform mandatory catechism as a prerequisite to reach such a conclusion, just as one is not required in determining the propriety of entry of a guilty plea. *(People v Nixon,* 21 NY2d 338, 353.) Furthermore, given defendant's familiarity with the criminal justice system, the fact that he was represented by counsel and that relevant inquiry was made of him by the court, we are satisfied that the waiver was knowingly and voluntarily made. *(People v McQueen,* 52 NY2d 1025.)

Last, defendant's execution of the written jury waiver conformed to the requirements of CPL 320.10 (2), although dated prior to acceptance by the court. Concur—Kupferman, J. P., Ellerin, Wallach and Smith, JJ.