(June 24, 1997)

■ In the Matter of MARY M. CLEVELAND, Respondent, v KEITH ROBERTS, Appellant. [660 NYS2d 112] —Appeal from order, Family Court, New York County (Sheldon Rand, J.), entered on or about December 3, 1996, which, *inter alia*, denied petitioner wife's objections to a Hearing Examiner's order establishing a payment schedule for respondent husband's reimbursement of the wife for the cost of their child's special education program, unanimously dismissed, without costs, the husband not being aggrieved thereby.

Family Court's finding that the cost of the "Quest" program constitutes tuition under the parties' modified separation agreement, and is therefore the husband's obligation, was made in its order of June 21, 1996, which the husband never appealed. Accordingly, the finding is not properly before us, and we decline to review it. In any event, if it were before us, we would find that the Quest program, which is run by the child's school at the school for children with learning disabilities, was required by this private school as a condition to the child's acceptance into and continuance at the school, and is not, as the husband would have it, a "tutoring and emotional support program", but rather as essential and integral to the child's education as any other class. Concur—Murphy, P. J., Wallach, Rubin, Tom and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS SAMUELS, Appellant. [659 NYS2d 751] —Judgment, Supreme Court, Bronx County (Joseph Mazur, J.), rendered September 30, 1994, convicting defendant, after a nonjury trial, of assault in the first degree and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to concurrent prison terms of 4 to 8 years and 1 year, respectively, unanimously affirmed.

Upon the existing record, we conclude that defendant received effective assistance of counsel. Counsel's decision not to pursue a *Sandoval* hearing created no prejudice in this nonjury trial (*People v Watson*, 162 AD2d 360). Contrary to defendant's conclusory argument on appeal, we find that counsel vigorously pursued the defense of justification. Defendant's contention concerning the mandatory surcharge is premature (*People v Ramirez*, 165 AD2d 656, *lv denied* 77 NY2d 881). Concur—Murphy, P. J., Wallach, Rubin, Tom and Andrias, JJ.