■ GORDON MORGAN, JR., et al., Appellants, v PAUL D. EHRMAN et al., Respondents. [679 NYS2d 285] —Order, Supreme Court, New York County (Paula Omansky, J.), entered April 24, 1997, which, in an action to compel return of a down payment on the sale of real property, denied plaintiffs' motion for a preliminary injunction and granted defendants' cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

No issues of fact exist as to either the specificity and reasonableness of the sellers' notice rescheduling the closing and imposing a condition that time be of the essence (*Ben Zev v Merman*, 73 NY2d 781), or the adequacy of their tender. The buyers' other contentions are improperly raised for the first time on appeal, and, in any event, are unavailing. Concur—Milonas, J. P., Rosenberger, Wallach, Tom and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEEVLIN STEPHENS, Appellant. [679 NYS2d 109] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered December 20, 1996, convicting defendant, after a non-jury trial, of attempted sodomy in the first degree and sexual abuse in the first degree, and sentencing him to concurrent terms of 2 to 6 years and 1 to 3 years, respectively, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. The five fillers in the lineup were sufficiently similar in appearance to defendant that they did not create a substantial likelihood defendant would be singled out for identification (*see, People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833). The variation in skin tone among the various members of the lineup was not significant, and the lineup photograph does not substantiate his claim of suggestiveness with respect to the manner in which defendant was dressed.

The existing record, which defendant has not sought to amplify by way of a CPL 440.10 motion, establishes that counsel provided meaningful representation (*see, People v Baldi*, 54 NY2d 137, 146-147), and counsel's decisions regarding elicitation of defendant's prior conviction were strategically plausible and non-prejudicial in the context of a nonjury trial (*see, People v Samuels*, 240 AD2d 303, *lv denied* 91 NY2d 879; *People v Watson*, 162 AD2d 360).

Defendant's remaining contention is unpreserved and we decline to review it in the interest of justice. Were we to review it, we would reject it. Concur—Milonas, J. P., Rosenberger, Wallach, Tom and Mazzarelli, JJ.