■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE ALLEN, Appellant. [737 NYS2d 624] —Judgment, Supreme Court, Bronx County (Denis Boyle, J.), rendered May 21, 1998, convicting defendant, after a nonjury trial, of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The conflicting evidence regarding defendant's clothing was insignificant. The record clearly establishes that the sale occurred within 1,000 feet of the school in question (*see*, Penal Law § 220.00 [14] [b]).

Defendant's claims regarding his waiver of a jury trial, and the procedure followed in approving the waiver are unpreserved (*People v Johnson*, 51 NY2d 986), and we decline to review them in the interest of justice. Were we to review these claims, we would find that defendant, who executed his written waiver of jury trial in open court after consultation with counsel, was fully advised by the court of the nature and consequences of his waiver, and that it was knowingly and voluntarily made (*see, People v Watson*, 162 AD2d 360, 361; *People v Magnano*, 158 AD2d 979, *affd* 77 NY2d 941, *cert denied* 502 US 864).

Defendant was properly adjudicated a second felony offender. Defendant's identity was properly established, and there was no reason to conduct a hearing on his constitutional claims since he declined the court's invitation to elaborate on his conclusory and insufficient allegations (*see*, *People v Harris*, 61 NY2d 9, 15). Concur—Tom, J.P., Mazzarelli, Rosenberger, Ellerin and Rubin, JJ.