■ DAVID BLUMBERG, Appellant, v DIANE KRAUSZ, Respondent. [778 NYS2d 497]—

Judgment, Supreme Court, New York County (Judith J. Gische, J.), entered December 9, 2003, awarding defendant child support arrears in the principal amount of $33,732, plus interest, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about October 20, 2003, unanimously dismissed, without costs.

The parties' separation agreement provides that their child should continue attending the Dwight School, and that they are to be bound by the advice of the Dwight School's principal, headmaster or guidance counselor in the event of disagreements on educational issues. The record establishes that Dwight is not just recommending the child's participation in its Quest Program for children with mild learning disabilities, but actually requiring it as a condition to her continued enrollment. Accordingly, the cost of the Quest Program constitutes "tuition" within the meaning of the parties' separation agreement and thus is plaintiff's obligation to pay (*see Matter of Cleveland v Roberts*, 240 AD2d 303 [1997]). For the same reason, the need to pay for the Quest Program was an "educational emergency" within the meaning of the separation agreement justifying defendant's withdrawal of money from the child's UGMA account earmarked for her college education. Plaintiff's request, made in his opposition papers to defendant's motion for child support arrears, for a setoff of amounts allegedly owed by defendant under their equitable distribution agreement, is insufficiently documented, and was properly denied without prejudice to plaintiff's making a separate motion for such relief. We have considered and rejected plaintiff's other arguments. Concur—Mazzarelli, J.P., Andrias, Sullivan, Lerner and Gonzalez, JJ.