People v Messina (2025 NY Slip Op 04966)

People v Messina

2025 NY Slip Op 04966

Decided on September 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 11, 2025

Before: Moulton, J.P., Gesmer, Pitt-Burke, Higgitt, Michael, JJ. 

Ind No. 70352/20 70133/21 70286/21|Appeal No. 4662|Case No. 2022-02774|

[*1]The People of the State of New York, Respondent,
v
Anthony Messina, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jacquelyn Shelton of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.

Judgment, Supreme Court, New York County (Thomas Farber, J., on retention hearing; Stephen M. Antignani, J., on CPL 722.23 motions, plea and sentencing), rendered June 7, 2022, convicting defendant, upon his plea of guilty, of attempted gang assault in the first degree under indictment No. 70352/20, attempted robbery in the first degree under indictment No. 70133/21, and attempted robbery in the first degree under indictment No. 70286/21, and sentencing him to concurrent terms of 3½ years followed by 5 years of postrelease supervision, affirmed.
Concerning indictment No. 70352/20, the court properly determined, following the retention hearing, that the People established by a preponderance of the evidence that defendant "caused" significant physical injury to the victim through his involvement in this gang assault (CPL 722.23[2][c][i]). The evidence presented established that defendant was not merely present during this gang assault on the victim, but that he was an active participant at the center of the assault which led to the victim's injuries, including a collapsed lung (see Matter of Clark v Boyle, 210 AD3d 463, 469 [1st Dept 2022], lv denied 39 NY3d 974 [2023]). Defendant was properly found to have caused these injuries even though the People's evidence did not establish that he was the specific participant who stabbed the victim (CPL 722.23[2][c][i]; Boyle, 210 AD3d at 468-469; see People v Li, 34 NY3d 357, 369 [2019]).
Concerning the other two indictments, the determination that "extraordinary circumstances" exist which should prevent removal to Family Court (see CPL 722.23[1][d]) is discretionary, based on the court's review of the totality of the circumstances (see People v Guerrero, 235 AD3d 1276,1277-1278 [4th Dept 2025]). As for indictment No. 70133/21, we find that the court properly considered the circumstances of the underlying offense as well as the mitigating and aggravating factors presented. Particularly in light of defendant's rearrest while receiving services and his flagrant violation of the terms of supervision, we find that the court providently exercised its discretion in finding that extraordinary circumstances existed. Defendant failed to preserve his current argument that additional mitigating facts warrant a finding that no extraordinary circumstances exist. In any event, we find that none of the additional mitigating factors identified by defendant would warrant a different result.
As for indictment No. 70286/21, after the People moved to prevent removal to Family Court based on extraordinary circumstances, defendant did not oppose the People's motion and then affirmatively consented to the requested relief in open court, with the consent and approval of both counsel and the court (CPL 722.23[4]). Contrary to defendant's contention, the record established that defendant knowingly, intelligently and voluntarily consented or waived his right to review (see generally People v Watson, 162 AD2d 360, 361 [1st Dept 1990]; see also People v Thomas, 34 NY3d 545, 560 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]). We have considered and rejected defendant's argument that counsel was ineffective for failing to oppose the People's motion.
The court providently exercised its discretion in denying defendant youthful offender treatment, which is not warranted under the circumstances of these cases (see People v Anthony C., 25 NY3d 937, 938 [2015]). We also perceive no basis to reduce defendant's term of postrelease supervision.
All concur except Moulton, and Gesmer, JJ. who
concur in a separate memorandum by Gesmer, J.

GESMER, J. (concurring)
 

I concur in the result and in the portions of the majority opinion addressing defendant's consent to the People's motion to prevent removal of indictment No. 70286/21 to Family Court, and the motion court's exercise of its discretion in denying defendant youthful offender treatment. For the reasons stated below, I view as unnecessary those portions of the majority opinion which address the provisions of the Raise the Age Act that permit Supreme Court to retain criminal cases against adolescent defendants where defendant "caused significant physical injury" (Criminal Procedure Law 722.23[2][c][i]) or upon a showing of "extraordinary circumstances" (Criminal Procedure Law 722.23[1][d]).
This case concerns three indictments brought against defendant. As for indictment No. 70286/21, I agree with the majority that, after the People moved to prevent removal to Family Court based on extraordinary circumstances, defendant did not oppose the People's motion and then affirmatively consented to the requested relief in open court and waived his right to the motion court's review of the accusatory instrument and the opportunity for removal to Family Court, with the consent and approval of both counsel and the court (CPL 722.23[4]). I further agree that the record established that defendant's consent and waiver was made knowingly, intelligently and voluntarily, and that defendant failed to show that counsel was ineffective for failing to oppose the People's motion. Consequently, I agree that we should affirm the granting of the People's motion, and the retention of this case in Supreme Court.
In both his brief and his reply brief, defendant requested, if we determined that any of the cases should have been retained, that we "decline to vacate and remit the others." Since I agree that indictment No. 70286/21 should be retained, we should decline to vacate and remit the other two based on defendant's request. Accordingly, we need not consider the merits of the court's decision to retain the other two indictments in Supreme Court. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 11, 2025