OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be modified by reinstating defendant’s sentence as a second felony offender and remitting to the Appellate Division for a review of the sentence in the interests of justice.
 

 The record discloses that, in the presence of counsel and before the sentencing court, defendant admitted the existence, nature and time of his prior felony conviction, as well as the length and location of the prior sentence he served. Moreover, defendant informed the court that he understood and intended to accept the plea agreement on the present felony which included imposition of the sentence in question. Defendant raised no challenge to the court’s consideration of the prior conviction and, at the time of sentencing a month later, he made no objection to being sentenced as a predicate felon.
 

 The statutory purposes for filing a predicate statement (CPL 400.21) have been satisfied, to wit: apprising the court of the prior conviction and providing defendant with reasonable notice and an opportunity to be heard. The People’s failure to file a predicate statement was harmless, and remanding for filing and resentencing would be futile and pointless.
 
 (People v Harris,
 
 61 NY2d 9, 20;
 
 see also, People v Morse,
 
 62 NY2d 205, 225.) Accordingly, it was error for the Appellate Division to vacate the sentence as a matter of law. However, that court should be permitted to exercise its power to review the sentence in the
 
 *1143
 
 interests of justice.
 
 (See, People v Creech,
 
 60 NY2d 895;
 
 People v Cona,
 
 49 NY2d 26, 33-34.)
 

 We have considered the remaining contentions of both the People and defendant on their respective appeals and have found them to be without merit.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur.
 

 Order modified and case remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the memorandum herein and, as so modified, affirmed.