■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. CARMELLO, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County (Mazzei, J.), rendered July 19, 1984, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The court is not obligated to make reference to the presentence report on the record, and the law mandates only that it receive the presentence report before pronouncing sentence (CPL 390.20 [1]; *People v Grice,* 64 AD2d 718). The record indicates that the presentence report was prepared and sent to the court and defendant did nothing to refute the presumption of timely receipt. The report recommended that defendant be sentenced to a period of incarceration. Moreover, the sentence imposed was negotiated by defendant and represents the minimum permitted by law.

Defendant's contention that the People and the court neglected to follow statutorily mandated procedures for sentencing him as a second violent felony offender (CPL 400.15) is without merit. Where the statutory purposes for filing a predicate statement (i.e., apprising the court of the prior conviction and affording defendant notice and an opportunity

to be heard in connection with the predicate felony) are satisfied, strict compliance with the statute is not required *(People v Bouyea,* 64 NY2d 1140). Here, the defendant (1) negotiated his plea with the knowledge that the prior conviction would be considered by the sentencing court, and admitted his guilt and acknowledged the court's use of the prior felony in determining the sentence *(see, People ex rel. Colon v Reid,* 70 AD2d 893), (2) was fully represented by counsel at all times such that the admission of guilt constituted a waiver of the need for strict compliance with CPL 400.15 *(see, People v Alexander,* 98 AD2d 961; *People v Bryant,* 47 AD2d 51; *cf. People v Morrison,* 100 AD2d 976), and (3) was provided with notice and an opportunity to be heard to challenge the court's use of the prior felony in determining the sentence. Mangano, J. P., Thompson, Bracken and Brown, JJ., concur.