■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN L. FREEMAN, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Samenga, J.), rendered April 19, 1976, convicting him of robbery in the first degree and grand larceny in the third degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

On appeal, defendant seeks to have his conviction for grand larceny in the third degree reversed on the theory that that crime is an inclusory concurrent count of robbery in the first degree (see, CPL 300.40 [3] [a]). Defendant's plea of guilty forecloses him from raising this claim (see, People v Walton, 41 NY2d 880).

In any case, grand larceny in the third degree is not a lesser included offense of robbery in the first degree, since it is theoretically possible to commit robbery in the first degree (see, Penal Law § 160.15 [4]) without concomitantly, by the same conduct, committing grand larceny in the third degree (see, Penal Law § 155.30 [5]), if no property is taken from the person of the victim (see, People v Ford, 91 AD2d 589, revd on other grounds 62 NY2d 275; People v Addison, 73 AD2d 790). Accordingly, had this claim been properly before us, it would have been rejected.

Equally unavailing is defendant's claim that the sentence imposed was excessive. Since defendant has already served his sentence, the issue is moot. In any event, defendant received the sentence that had previously been agreed upon during plea negotiations. He, therefore, has no cause to complain that the sentence was harsh or excessive (see, People v Kazepis, 101 AD2d 816). Mollen, P. J., Gibbons, Brown, Niehoff and Eiber, JJ., concur.