■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDI J. WILLIAMS, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered March 20, 1984, which convicted defendant, after a jury trial, of two counts of robbery in the first degree, one count of kidnapping in the second degree, one count of robbery in the second degree and one count of criminal possession of a weapon in the second degree, and sentenced him as a persistent violent felony offender to concurrent prison terms of 10 years to life on the first degree robbery and kidnapping counts, and eight years to life on the second degree robbery and criminal possession of a weapon counts, unanimously modified, on the law, by vacating the persistent violent felony adjudication and remitting for sentencing as a second violent felony offender, and except as so modified, affirmed.

This is defendant's third robbery conviction. On November 25, 1979 he was convicted of robbery in the first degree in Kings County. On February 14, 1980 he was convicted of robbery in the second degree in Kings County. The second robbery occurred on March 9, 1979, prior to the sentence on the first robbery.

In order for defendant to have been sentenced as a persistent violent felony offender, the sentencing on the first violent felony conviction must have preceded the commission of the

second violent felony *(People v Morse,* 62 NY2d 205, 223; Penal Law § 70.08). Accordingly, defendant is entitled to be resentenced as a second violent felony offender under Penal Law § 70.04 *(People v Morse,* 62 NY2d, at p 226), as we have directed.

We have examined the other grounds for reversal urged by defendant and find them to be without merit. Concur—Kupferman, J. P., Ross, Carro, Fein and Milonas, JJ.