■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE WITHERSPOON, Also Known as LARRY BROWN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered January 31, 1986, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence as a second felony offender.

Ordered that the judgment is affirmed.

The defendant, who was represented throughout by counsel and who pleaded guilty with the understanding that the

sentence the People agreed to recommend was premised on his status as a second felony offender, contends that resentencing is required because Supreme Court failed to observe the procedures required by CPL 400.21. However, the record before us demonstrates that the defendant was given notice of and opportunity to controvert the allegations made in the second felony offender statement (see, *People v Bouyea,* 64 NY2d 1140; *see also, People v Tumminia,* 101 AD2d 605). Since the defendant admitted he was the person convicted of the predicate felony and since there is no indication that the defendant intended to claim that the prior conviction was unconstitutionally obtained (see, CPL 400.21 [7] [b]), the failure of the Supreme Court to formally inquire of the defendant as to whether he wished to controvert the allegations of the second felony offender statement was a harmless oversight (cf., *People v Bouyea, supra).* Mollen, P. J., Lawrence, Kooper, Spatt and Harwood, JJ., concur.