■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL CASSESE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was charged with criminal possession of a controlled substance in the second degree. He moved to suppress the physical evidence on the ground that the search of his person was made pursuant to a warrant which was issued without probable cause. The motion was denied, and subsequently defendant entered a plea of guilty as charged.

Defendant contends that the affidavit submitted in support of the search warrant application was insufficient as a matter of law. He argues that the hearsay information of two confidential informants relied upon by the issuing Magistrate did not meet the *Aguilar-Spinelli* standard *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410). We disagree. The suppression court, in a well-reasoned memorandum decision, properly found that both prongs of the *Aguilar-Spinelli* test were satisfied. We thus affirm the denial of defendant's suppression motion for reasons stated in that decision.

There is no merit to the other issues raised by defendant on appeal. The record demonstrates that his plea of guilty was knowingly, intelligently and voluntarily entered and that the statutory purpose of the predicate felony statement (CPL 400.21) was satisfied *(see, People v Bouyea,* 64 NY2d 1140). (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Dillon, P. J., Boomer, Pine, Balio and Davis, JJ.