■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE G. WALLACE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weiss-

man, J.), rendered March 27, 1991, convicting him of robbery in the first degree (two counts), upon his plea of guilty, and imposing sentence as a second felony offender.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for resentencing.

By knowingly, intelligently, and voluntarily entering a plea of guilty in satisfaction of the charges contained in the indictment, the defendant has forfeited the right to challenge the indictment as having been obtained in violation of his rights to testify before the Grand Jury (see, People v Rose, 162 AD2d 240; People v Ferrara, 99 AD2d 257, 259). In any event, there is no basis in the record to find that it was error for the court to accept the defense counsel's offer to withdraw the defendant's *pro se* motion to dismiss the indictment without first inquiring of the defendant whether he concurred in his attorney's conduct. Notably, at no time did the defendant ever voice an objection that his attorney had disregarded his instructions concerning the *pro se* motion. Rather, at his plea proceedings, the defendant expressed his satisfaction with counsel's representation, and never moved to withdraw his plea. Accordingly, there is no basis to disturb the defendant's plea of guilty.

The defendant's remaining contentions challenging his plea of guilty are without merit (see, e.g., People v Witherspoon, 155 AD2d 636). "The fact that [the] defendant was not specifically advised of his right to contest the constitutional basis of his prior felony conviction does not constitute reversible error or indicate that he was denied the effective assistance of counsel" (People v West, 140 AD2d 852).

However, as the People concede, the defendant's adjudication and sentencing as a second felony offender must be vacated because his prior conviction in New Jersey for burglary in the third degree is not the equivalent of a conviction for a New York felony (see, People v Muniz, 74 NY2d 464). Accordingly, the defendant's sentence must be vacated, and the matter remitted to the County Court for resentencing (see, People v Quinlan, 161 AD2d 280; People v Perry, 161 AD2d 1156). Prior to resentencing, if they be so advised, the People may seek to readjudicate the defendant a second felony offender based upon a different prior felony conviction (see, People v Candelario, 183 AD2d 440). Lawrence, J. P., Miller, O'Brien and Pizzuto, JJ., concur.