(March 21, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENIO TAMAREZ, Appellant. [624 NYS2d 388] —Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered March 31, 1993, convicting defendant, after a non-jury trial, of manslaughter in the first degree and assault in the second degree, and sentencing him to concurrent terms of 6 to 18 years and 1 to 3 years, respectively, unanimously affirmed.

Defendant's contention that the waiver of his right to a jury trial was invalid because he was unable to read English when

he signed the waiver form which was printed in English and which was not translated for him, and because the court's inquiry into his understanding of the consequences of the waiver was deficient, is unpreserved and without merit. Since there was no assertion by defendant throughout the proceedings at which an official court interpreter was always present that his waiver of a jury trial was not knowing and voluntary, the issue is unpreserved for appellate review (CPL 470.05 [2]; *People v Magnano,* 77 NY2d 941, *cert denied* 502 US 864; *cf., People v Robles,* 203 AD2d 172, *lv granted* 83 NY2d 971). Moreover, the assertion that his participation in the waiver was not knowing and voluntary implicates his relationship with his trial attorney and is to be proved, if at all, by facts dehors the trial record in a proceeding pursuant to CPL 440.10 *(People v Magnano, supra).* In any event, despite the inadequacy of the record to review his claim that the document was neither translated nor explained to him, the record does establish that he made his decision to forego a jury trial after conferring with counsel, after colloquy with the court, which sufficiently informed him of the nature and consequences of his decision *(People v Watson,* 162 AD2d 360), and after signing a written waiver, all in the presence of an official court interpreter. The record therefore establishes that he voluntarily, knowingly and intelligently waived his right to a trial by jury (CPL 320.10 [2]; *People v Livingston,* 184 AD2d 529; *People v Burnett,* 136 AD2d 888, *lv denied* 70 NY2d 1004).

Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish defendant's guilt of manslaughter in the first degree beyond a reasonable doubt and that the verdict was not against the weight of the evidence. Issues of credibility, as well as the weight to be accorded to the evidence presented are primarily questions to be determined by the finder of fact, in this case the court, which saw and heard the witnesses *(People v Gaimari,* 176 NY 84, 94). Its determination crediting the testimony of the prosecution witnesses while discrediting the account of the incident provided by defendant is entitled to great weight on appeal *(People v Prochilo,* 41 NY2d 759, 761) and we find that there is abundant evidence in the record to support its conclusion.

The sentence imposed for the stabbing of the deceased, defendant's estranged wife, which was less than the maximum, was neither unduly harsh nor excessive. Concur—Murphy, P. J., Sullivan, Ellerin, Williams and Mazzarelli, JJ.