■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HICKMAN, Appellant. [714 NYS2d 508] —Appeal by the defendant from (1) two judgments of the Supreme Court, Nassau County (Ort, J.), both rendered January 22, 1997, convicting him of criminal sale of a controlled substance in the fifth degree under Indictment No. 92982, and burglary in the second degree under Indictment No. 94484, upon his pleas of guilty, and imposing sentence, and (2) a judgment of the same court, rendered July 2, 1997, convicting him of assault in the third degree and criminal trespass in the second degree under Superior Court Information No. 99189, after a nonjury trial, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant's contention that his waiver of a jury trial on Superior Court Information No. 99189 was involuntary is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Magnano,* 77 NY2d 941, *cert denied* 502 US 864; *People v Tamarez,* 213 AD2d 261). In any event, the record establishes that the defendant knowingly, voluntarily, and intelligently waived his right to a jury trial (*see, People v Tamarez, supra; People v Watson,* 162 AD2d 360).

The record does not support the defendant's contention that during the taking of his pleas under Indictment Nos. 92982 and 94484 he was misinformed by the Supreme Court concern-

ing the potential sentence he could have received had he gone to trial. Thus, we reject his argument that his plea was involuntary on that basis.

Finally, the defendant's contention that the Supreme Court failed to observe the procedures required by CPL 400.21 is without merit. The record demonstrates that the defendant was given notice of and an opportunity to controvert the allegations made in the second felony offender statement. Since the defendant admitted that he was the person convicted of the predicate felony, and since there is no indication that the defendant intended to claim that his prior conviction was unconstitutionally obtained (see, CPL 400.21 [7] [b]), the failure of the Supreme Court to formally inquire whether he wished to controvert the allegations of the second felony offender statement was a harmless oversight (see, People v Mann, 258 AD2d 738; People v Wallace, 188 AD2d 499; People v Witherspoon, 155 AD2d 636). Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.