■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ABREW, Appellant. [735 NYS2d 397] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated June 7, 1999 (*People v Abrew,* 262 AD2d 417, *affd* 95 NY2d 806), affirming a judgment of the Supreme Court, Queens County, rendered October 23, 1997, and a resentence of the same court imposed March 17, 1998.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Bracken, P. J., Ritter, Goldstein and Schmidt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ALSTON, Appellant. [734 NYS2d 583] —Appeal by the defendant from a judgment of the County Court, Nassau County (Gulotta, J.), rendered August 29, 2000, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was improperly adjudicated a second felony offender is unpreserved for appellate review (*see, People v Proctor,* 79 NY2d 992; *People v Smith,* 73 NY2d 961; *cf., People v Samms,* 95 NY2d 52). In any event, the County Court substantially complied with the requirements of CPL 400.21 (*see, People v Bouyea,* 64 NY2d 1140). The County Court's failure to specifically ask the defendant if he wished to controvert the allegations in the predicate felony statement was a harmless oversight, as the defendant admitted he was the person convicted of the prior felony, the sentence promised as part of the plea agreement was based on his status as a second felony offender, and he has not alleged any grounds to controvert the predicate felony statement (*see, People v Hickman,* 276 AD2d 563; *People v Mann,* 258 AD2d 738).

The defendant's challenge to the voluntariness of his plea is unpreserved for appellate review (*see, People v Pellegrino,* 60 NY2d 636), and in any event, is without merit (*see, People v Hickman, supra*). O'Brien, J. P., Florio, Schmidt and Smith, JJ., concur.