OPINION OF THE COURT
Michael A. Gross, J.
Defendant was convicted of robbery in the first degree after a jury trial and sentenced as a persistent violent felony offender (VFO) on February 28, 2001 to an indeterminate term of incarceration of 24 years to life. Defendant now moves to set *249 aside his sentence pursuant to CPL 440.20 on the grounds that he was unlawfully adjudicated a persistent VFO.
Penal Law § 70.08 (1) (a) defines a persistent VFO as a person who stands convicted of a violent felony offense as defined in Penal Law § 70.02 (1) after having previously been subjected to two or more predicate violent felony convictions as defined in Penal Law § 70.04 (1) (b). In order to determine whether a prior conviction may serve as a predicate violent felony conviction under Penal Law § 70.04 (1) (b), the conviction must be of a class A felony or a violent felony offense as defined by Penal Law § 70.02, and the sentence upon the prior conviction must have been imposed before the commission of the present offense (see Penal Law § 70.04 [1] [b] [i], [ii]). Additionally, the sentence on the prior conviction “must have been imposed not more than [10] years before commission of the felony of which the defendant presently stands convicted,” excluding any period of time during which defendant is incarcerated for any reason between the time of the commission of the previous felony and the time of the commission of the present felony (see Penal Law § 70.04 [1] [b] [iv], [v]). Thus, the 10-year period is extended by the “period or periods equal to the time served under such incarceration” (see Penal Law § 70.04 [1] [b] [iv]).
In this case, defendant was convicted of robbery in the first degree, a class B violent felony under Penal Law § 70.02 (1) (a). At his sentence, the People filed an information[1] alleging that defendant was a persistent VFO having been convicted of two previous violent felonies. The People alleged that on January 7, 1985, defendant was convicted of criminal possession of a weapon in the third degree in Nassau County and sentenced to a term of incarceration of 2V2 years.[2] The People also alleged that on July 18, 1986, defendant was convicted of burglary in the second degree in Nassau County and sentenced to an indeterminate term of incarceration with a minimum of 4 years and a maximum of 8 years. The People further asserted that the following time periods during which defendant was incarcerated were tolled from the 10-year limitation: January 18, 1985 to April 5, 1990, and December 14, 1991 to June 9, *250 1994. The court adjudicated defendant a persistent VFO and sentenced him in accordance with the statutory guidelines set forth in Penal Law § 70.08.
In his motion, defendant claims that he was unlawfully adjudicated a persistent VFO. Defendant argues that his 1985 conviction cannot serve as a predicate in conjunction with his 1986 conviction because the sentence on his earlier case was not imposed until after the commission of the felony on the later case. To support his claim, defendant attached to his motion the commitment orders submitted by the Clerk of Nassau County to the State Department of Correctional Services on both the 1985 and 1986 convictions. Indeed, the orders confirm that defendant had been sentenced on his 1985 gun conviction on January 7, 1985 — 15 months after September 8, 1983, the date he committed the crime which led to his subsequent burglary conviction in 1986.[3] Furthermore, the second violent felony offender statement submitted by the Nassau County District Attorney’s office upon defendant’s, sentencing in 1986 establishes that the People did not rely upon defendant’s 1985 conviction to enhance his punishment. Instead, in 1986, the People relied upon defendant’s 1981 conviction of robbery in the first degree in Bronx County to establish that defendant was a second VFO.
In order for a defendant to be adjudicated a persistent VFO pursuant to Penal Law § 70.08, it is well settled that thé sentence on the first violent felony conviction must have preceded the commission of the second violent felony conviction (People v Morse, 62 NY2d 205, 213 [1984] [“The Legislature did not intend the persistent violent felony offender law to apply * * * unless each of the two or more predicate violent felony convictions other than the first was for a felony which occurred after sentence had been imposed for the conviction which preceded it”]; People v Barclay, 201 AD2d 739 [2d Dept 1994] [where defendant was sentenced for his first violent felony offense after he committed his second violent felony offense, his prior convictions do not constitute two or more predicate convictions under Penal Law § 70.08]; People v Evans, 120 AD2d 545 [2d Dept 1986] [defendant illegally adjudicated persistent VFO where defendant not sentenced on first violent felony offense at *251 time of commission of second violent felony offense]; People v Williams, 118 AD2d 410 [1st Dept 1986]; People v Black, 111 AD2d 143 [1st Dept 1985]). In this case, defendant has clearly established that he was not sentenced on his first violent felony offense for criminal possession of a weapon in the third degree until after the commission of his second violent felony offense of burglary in the second degree. Accordingly, defendant was improperly adjudicated a persistent VFO.
In their papers in opposition to defendant’s motion, the People concede that defendant’s 1986 conviction cannot serve as one of the predicates for persistent VFO status along with the 1985 conviction since it fails to meet the sequentiality requirement set forth in Penal Law §§ 70.04 and 70.08. Nonetheless, the People argue that in view of defendant’s 1981 conviction of robbery in the first degree in Bronx County, defendant was properly sentenced as a persistent VFO despite the defective predicate felony statement. Indeed, it does appear that defendant’s 1981 conviction makes him eligible for enhanced punishment as a persistent VFO under Penal Law § 70.08, and that his lengthy periods of incarceration extended the 10-year statutory period to include the 1981 conviction (see Penal Law § 70.04 [1] [b] [iv]).
Regardless of whether defendant is still eligible for enhanced punishment as a persistent VFO, he must be produced before this court and arraigned upon a nondefective predicate felony statement. Under CPL 400.16, in order to determine whether a defendant is a persistent VFO, the People are required to file a statement setting forth the date and place of each alleged predicate violent felony conviction. Additionally, the statement must also set forth the date of commencement and termination as well as the place of imprisonment for each period of incarceration to be used for the tolling of the 10-year limitation (CPL 400.15 [2]; 400.16 [2]). Upon receipt of the statement, defendant may controvert any allegation made within the statement (CPL 400.15 [3]; 400.16 [2]).
Relying on People v Bouyea (64 NY2d 1140 [1985]), the People argue that it would be “futile and pointless” to have defendant reappear before this court for the filing of a nondefective predicate felony statement and resentencing since defendant had notice of all of his prior convictions.
In Bouyea, the Court of Appeals held that the statutory purpose of requiring a predicate statement is to apprise the court of the prior convictions and provide the defendant with reasonable notice and an opportunity to be heard in defense *252 against the allegations (64 NY2d at 1142; see also Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 400.15, at 258). In that case, the Court held that the People’s failure to file a predicate statement was harmless and that it was not necessary to remand the case for filing and resentencing because the defendant had “admitted the existence, nature and time of his prior felony conviction, as well as the length and location of the prior sentence he served” (64 NY2d at 1142).
Contrary to the People’s assertions, Bouyea is clearly distinguishable from the instant case. Here, there was no mention of defendant’s 1981 conviction at his sentence since the People did not rely on that conviction to establish defendant’s predicate status. Thus, defendant was clearly not given reasonable notice that the People now intend to rely upon the 1981 conviction. Nor was he given an opportunity to be heard in defense against this particular conviction. Unlike the defendant in Bouyea, defendant certainly had not admitted the existence of the 1981 felony conviction or the length and location of the prior sentence he served. Had the 1981 conviction been raised, it is clear from defendant’s reply papers that he would have challenged both the constitutionality of that conviction, as well as the dates and locations of imprisonment relied upon by the People for the tolling of the 10-year limitation (see CPL 400.15 [3]; 400.16 [2]).
Accordingly, the matter will be returned to this court’s calendar so that defendant may be arraigned upon a nondefective predicate felony statement. This statement must set forth the prior violent felony convictions that the People rely upon to establish defendant’s status as a persistent VFO, as well as any periods of incarceration which would toll the 10-year limitation. At that time, defendant may raise any challenges he has regarding the constitutionality of the 1981 conviction and the tolling of the 10-year period. With respect to the People’s claim that defendant cannot challenge the constitutionality of the 1981 conviction having been previously adjudicated a second felony offender, this issue will be litigated and resolved upon defendant’s rearraignment. Should defendant controvert the People’s allegations with respect to applicable tolling periods, the People are required to provide certificates from the various correctional facilities where defendant was imprisoned, setting forth the dates and terms of the sentences, length of time imprisoned and dates of discharge (see CPL 400.22; Preiser, Practice Commentaries, McKinney’s Cons *253 Laws of NY, Book 11 A, CPL 400.22, at 315 [certificates authorized under CPL 400.22 may be used to establish tolling of 10-year periods for persistent VFO]).
Accordingly, defendant’s motion to set aside his sentence pursuant to CPL 440.20 is denied at this time since it appears he may still be adjudicated a persistent VFO in accordance with Penal Law § 70.08. However, in the event defendant successfully challenges any part of the persistent felony statement filed by the People, he will be resentenced as a second violent felony offender.

. Erroneously captioned “Second Felony Information.”

. The commitment order submitted by the Nassau County Clerk to the State Department of Correctional Services, annexed as defendant’s exhibit D to the instant motion, establishes that the actual sentence imposed was an indeterminate term of incarceration with a minimum of 2V2 years and a maximum of 5 years.

. On July 18, 1986, defendant was convicted of a second count of burglary in the second degree for a crime committed on December 21, 1983. Thus, this conviction, if used in conjunction with the 1985 conviction, would also violate the sequentiality requirement in Penal Law §§ 70.04 and 70.08, discussed below.