■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BAILEY, Appellant. [808 NYS2d 300]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered August 13, 2003, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that his statements to the police should have been suppressed because he was intoxicated is without merit. Although the defendant appeared to be intoxicated immediately after his arrest, the detective who interviewed him at the precinct testified that before interviewing him she waited "a good 20, 25 minutes." The defendant said "he was going to try to calm down" and requested water. Thereafter, when the defendant was placed in the interview room, he appeared calm.

The detective advised the defendant that her reason for bringing him to the interview room was that she wanted him "to tell me in his own words what took place," and she told him "I want you to tell me what happened." The detective then advised the defendant of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]) and the defendant responded "Yeah" when asked if he understood each of his *Miranda* rights. When the detective asked the defendant if he was willing to answer questions he responded "I did it; my life's over, that's it" and refused to make any further statements.

The defendant's intoxication did not render his statements involuntary. "Intoxication alone is insufficient to render a statement involuntary" unless the defendant was "intoxicated to a degree of mania or of being unable to understand the meaning of his statements" (*People v Benjamin*, 17 AD3d 688, 689 [2005], *lv denied* 5 NY3d 803 [2005]; *see People v Iddings*, 23 AD3d 1132 [2005]), which was not the case here.

In any event, the defendant's statements were spontaneous (*see People v Rivers*, 56 NY2d 476, 479 [1982]; *People v Edwards*, 296 AD2d 555 [2002]; *People v Boyd*, 21 AD3d 1428 [2005]). The detective's comments before advising the defendant of his *Miranda* rights were simple statements of fact, not designed "to evoke an incriminating response from the defendant" (*People v Boyd, supra* at 1429). Cozier, J.P., Goldstein, Fisher and Dillon, JJ., concur.