THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER ARMBRUSTER, Appellant. (Appeal No. 1.) [821 NYS2d 505]— Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered September 20, 2005. The judgment convicted defendant, upon his plea of guilty, of attempted sexual abuse in the first degree, attempted sexual conduct against a child in the second degree and sexual abuse in the second degree.

Appeal from a resentence of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered November 2, 2005. Defendant was resentenced following his conviction of attempted sexual abuse in the first degree, attempted course of sexual conduct against a child in the second degree and sexual abuse in the second degree.

It is hereby ordered that the resentence so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was convicted upon his plea of guilty of, inter alia, attempted sexual abuse in the first degree (Penal Law §§ 110.00, 130.65 [3]) and attempted course of sexual conduct against a child in the second degree (§§ 110.00, 130.80 [1] [b]). He was initially sentenced as a second felony offender to concurrent determinate terms of imprisonment of eight years (*see* § 70.06). The People thereafter moved to set aside the sentence as invalid pursuant to CPL 400.40 (1) and filed a second child sexual assault felony offender statement pursuant to CPL 400.19. Defendant joined in the motion to set aside the sentence but contended that the second child sexual assault felony offender statement was untimely filed. According to defendant, the People were required to file the statement before the entry of the guilty plea, and Supreme Court therefore was precluded from sentencing him as a second child sexual assault felony offender pursuant to Penal Law § 70.07. We reject defendant's contention.

CPL 400.19 (2) provides in pertinent part that, where a defendant "may have previously been subjected to a predicate felony conviction for a sexual assault against a child, a statement may be filed by the prosecutor at any time before trial commences setting forth the date and place of each [such] alleged predicate felony conviction . . . and a statement whether the defendant was eighteen years of age or older at the time of the commission of the predicate felony." Although corresponding statutory provisions for other categories of predicate felony conviction statements mandate the filing of a statement (*see* CPL 400.15, 400.16, 400.21), here there is no provision that the prosecutor "must" file the predicate felony statement, nor is there a provision for when the prosecutor "may" file the statement in the event that there is a guilty plea rather than a trial. We cannot agree with defendant that the necessary inference from the absence of a provision concerning a plea of guilty is that a court is precluded from sentencing a defendant as a second child sexual assault felony offender unless the CPL 400.19 statement is filed before the entry of a guilty plea. Rather, we conclude that the CPL 400.19 statement is timely filed in the event that there is a guilty plea if it is filed within a sufficient time before the imposition of sentence to afford the defendant notice and an opportunity to be heard (*see generally* Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 400.19, at 401-402).

Even assuming, arguendo, that the People were required to file the CPL 400.19 statement before the entry of defendant's guilty plea and that the statement thus was untimely filed, we

would nevertheless conclude that the People's failure to file a timely statement pursuant to CPL 400.19 is harmless under the circumstances of this case (*see People v Bouyea*, 64 NY2d 1140, 1142 [1985]; *People v Harris*, 61 NY2d 9, 20 [1983]). The record establishes that the court, the prosecutor and defendant all contemplated that defendant would be sentenced as a predicate offender, even though Penal Law § 70.07 was not expressly mentioned. The record also establishes that a potential sentencing range of imprisonment of between 4 and 12 years was contemplated, and that is the potential range of imprisonment provided by Penal Law § 70.07 (4) (f). Defendant admitted his prior conviction and made no objection to being sentenced to concurrent eight-year terms as a predicate felon at the initial sentencing proceeding. "Where, as here, 'the statutory purposes for filing a predicate statement (i.e. [,] apprising the court of the prior conviction and affording defendant notice and an opportunity to be heard in connection with the predicate felony) are satisfied, strict compliance with [CPL 400.19] is not required' " (*People v Sampson*, 30 AD3d 623, 623-624 [2006], quoting *People v Carmello*, 114 AD2d 965, 965-966 [1985]; *see Bouyea*, 64 NY2d at 1142; *Harris*, 61 NY2d at 20). Present—Hurlbutt, J.P., Scudder, Gorski and Green, JJ.