■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH McALLISTER, Appellant. [850 NYS2d 495]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Honorof, J.), rendered August 15, 2006, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant possessed a gravity knife in violation of Penal Law § 265.02 (1) (*see* Penal Law § 265.02 [1]; § 265.00 [5]; § 265.01 [1]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the County Court substantially complied with the requirements of CPL 400.21 in adjudicating him a second felony offender (*see People v Alston,* 289 AD2d 339 [2001]). Since the defendant admitted that he was the person convicted of the predicate felony, and since there is no indication that the defendant contemplated a challenge to the constitutionality of his prior conviction (*see* CPL 400.21 [7] [b]), the Supreme Court's failure to make a formal inquiry as to whether he wished to controvert the allegations of the second

felony offender statement was a harmless oversight (*see People v Flores,* 40 AD3d 876, 878 [2007]; *People v Hickman,* 276 AD2d 563, 564 [2000]; *People v Witherspoon,* 155 AD2d 636, 637 [1989]).

The hearing court properly denied that branch of the defendant's motion which was to suppress his statement to law enforcement officials (*see People v Bailey,* 24 AD3d 684 [2005]; *People v Benjamin,* 17 AD3d 688 [2005]).

The defendant's remaining contention is without merit (*see* CPL 200.60). Prudenti, P.J., Mastro, Santucci and Lifson, JJ., concur.