■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY BENLOSS, Appellant. [874 NYS2d 558]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered November 20, 2003, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The prosecutor acted improperly in asking a witness if anyone else had been injured in the incident, resulting in testimony

that a young girl also was shot. Such testimony was immaterial to the charges against the defendant, was elicited in violation of the prosecutor's obligations under *People v Ventimiglia* (52 NY2d 350, 359 [1981]), and was prejudicial to the defense. Nevertheless, the Supreme Court providently exercised its discretion in denying the defendant's request for a mistrial. The prejudice that resulted from the improper testimony was alleviated by the trial court's actions in immediately striking the testimony from the record and providing a curative instruction to the jury (*see People v Whitely,* 41 AD3d 622, 623 [2007]; *People v Oliver,* 19 AD3d 512 [2005]; *People v Kirk,* 12 AD3d 619 [2004]), which the jury is presumed to have followed (*see People v Berg,* 59 NY2d 294, 299-300 [1983]; *People v Hardy,* 22 AD3d 679, 680 [2005]). Spolzino, J.P., Ritter, Miller and Balkin, JJ., concur.