■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MORTENSEN, Appellant. [874 NYS2d 823]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered February 27, 2008, convicting him of attempted rape in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The court did not improvidently exercise its discretion in denying the defendant's motion to withdraw his plea based on recantation evidence (*see* CPL 220.60 [3]). The defendant's plea

of guilty was entered knowingly, voluntarily, and intelligently (*see People v Fiumefreddo,* 82 NY2d 536, 543 [1993]; *People v Lopez,* 71 NY2d 662, 666 [1988]; *People v Harris,* 61 NY2d 9, 17 [1983]). Recantation evidence is inherently unreliable and insufficient, alone, to justify setting aside a conviction (*see People v Serrata,* 261 AD2d 490 [1999]; *People v Legette,* 153 AD2d 760, 761 [1989]; *compare People v De Jesus,* 199 AD2d 529, 531 [1993]). The defendant's claim that his motion to withdraw the plea should have been granted because, in advising the complainant at the sentencing hearing of the law on perjury, the court assumed the role of advocate, coerced the complainant not to testify, and deprived the defendant of an opportunity to advance his claims, is unpreserved for appellate review and, in any event, is without merit (*see People v Arnold,* 98 NY2d 63, 67 [2002]; *People v Melendez,* 31 AD3d 186, 197 [2006]).

The defendant's remaining contention is without merit (*see People v Chin,* 67 NY2d 22, 32 [1986]; *People v Owens,* 63 NY2d 824, 825-826 [1984]; *People v Shapiro,* 50 NY2d 747, 760 [1980]; *People v Singh,* 47 AD3d 733, 734 [2008]; *People v Williams,* 169 AD2d 798, 799 [1991]). Skelos, J.P., Fisher, Santucci and Balkin, JJ., concur.