■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES LUISI, Appellant. [917 NYS2d 582]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered March 19, 2010, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to his adjudication and sentence as a second felony offender is unpreserved for appellate review (see People v Flores, 40 AD3d 876, 877 [2007]; People v Cruz, 28 AD3d 675 [2006]; People v Csoke, 11 AD3d 631 [2004]). In any event, the County Court's failure to expressly ask the defendant whether he wished to controvert the allegations of the second felony offender statement that was filed with the court and given to the defendant was a harmless oversight, since the defendant admitted that he was the person convicted of the predicate felony and acknowledged that he was not raising any constitutional issues (see People v McAllister, 47 AD3d 731, 731-732 [2008]; People v Flores, 40 AD3d at 878; People v Hickman, 276 AD2d 563, 564 [2000]). The defendant's further contention that he was deprived of due process by the County Court's failure to advise him of the rights he was waiving under CPL 400.21 is also without merit. Where, as here, the statutory purposes for filing a predicate statement (i.e., apprising the court of the prior conviction and affording the defendant notice and an opportunity to be heard in connection with the predicate felony) are satisfied, strict compliance with CPL 400.21 is not required (see People v Bouyea, 64 NY2d 1140, 1142 [1985]; People v Lopez, 49 AD3d 899 [2008]; People v Sampson, 30 AD3d 623, 624 [2006]).

The defendant's remaining contention is without merit (see Penal Law § 70.06 [6] [a]; § 70.45 [2]). Dillon, J.P., Leventhal, Belen, Austin and Cohen, JJ., concur.