■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID POWELL, Appellant. [925 NYS2d 359]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered February 23, 2010, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to his adjudication as a second felony offender is unpreserved for appellate review (*see People v Csoke*, 11 AD3d 631 [2004]; *cf. People v Proctor*, 79 NY2d 992 [1992]). In any event, "[s]ince the defendant admitted that he was the person convicted of the predicate felony," and since he expressly declined to challenge the constitutionality of his prior conviction, "the Supreme Court's failure to make a formal inquiry as to whether he wished to controvert the allegations of the second felony offender statement was a harmless oversight" (*People v McAllister*, 47 AD3d 731, 731-732 [2008]; *see People v Flores*, 40 AD3d 876, 878 [2007]; *People v Alston*, 289 AD2d 339 [2001]; *People v Hickman*, 276 AD2d 563, 564 [2000]; *cf. People v Bouyea*, 64 NY2d 1140, 1142 [1985]).

Contrary to the defendant's contention, the Supreme Court did not err in imposing upon him a DNA databank fee (*see* Penal Law § 60.35 [1] [a] [v]; Executive Law § 995 [7] [e]).

The defendant's remaining contentions are without merit. Rivera, J.P., Florio, Dickerson and Eng, JJ., concur.