■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAIQUAN CULLUM, Appellant. [940 NYS2d 872]—Appeal by the defendant from a judgment of the County Court, Nassau County (Kase, J.), rendered February 15, 2011, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently made is unpreserved for appellate review, since he did not move to withdraw his plea on this ground prior to the imposition of sentence (*see* CPL 220.60 [3]; 470.05 [2]; *People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Hayes*, 91 AD3d 792 [2012]; *People v Kulmatycski*, 83 AD3d 734 [2011]; *People v Rusielewicz*, 45 AD3d 704 [2007]). In any event, the record before us does not support the defendant's contention that his plea was not knowing, voluntary, and intelligent (*see People v Fiumefreddo*, 82 NY2d 536 [1993]; *People v Harris*, 61 NY2d 9 [1983]).

The defendant's challenge to the procedure by which he was sentenced as a second felony offender (*see* CPL 400.21) is unpreserved for appellate review (*see People v Smith*, 73 NY2d 961, 962-963 [1989]; *People v Jackson*, 87 AD3d 552, 553-554 [2011]; *People v Carrion*, 65 AD3d 693 [2009]; *People v Lopez*, 49 AD3d 899, 900 [2008]). In any event, the challenge is without merit, since the defendant admitted that he was the person convicted of the predicate felony and there was no indication that he contemplated a challenge of the constitutionality of his prior conviction (*see* CPL 400.21 [7] [b]; *People v McAllister*, 47 AD3d 731, 731-732 [2008]; *People v Flores*, 40 AD3d 876, 878 [2007]; *People v Hickman*, 276 AD2d 563, 564 [2000]). Dillon, J.P., Balkin, Belen and Austin, JJ., concur.