— Appeals by the defendant from (1) a judgment of the Supreme Court, Nassau County (Jaeger, J., at plea; Aaron, J., at sentencing), rendered February 8, 2011, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree under superior court information No. 839/10, upon his plea of guilty, and imposing sentence, and (2) a judgment of the same court (McCormack, J., at plea; Aaron, J., at sentencing), also rendered February 8, 2011, convicting him of criminal sale of a controlled substance in the third degree under superior court information No. 2677/ 10, upon his plea of guilty, and imposing sentence.
Ordered that the judgments are affirmed.
Contrary to the People’s contention, the defendant did not validly waive his right to appeal (see People v Lopez, 6 NY3d 248 [2006]; People v Holmes, 95 AD3d 1236 [2012], lv denied 19 NY3d 997 [2012]).
The defendant’s contention that the Supreme Court failed to comply with CPL 400.21 before sentencing him as a second felony offender is unpreserved for appellate review (see People v Proctor, 79 NY2d 992, 994 [1992]; People v Smith, 73 NY2d 961, 962 [1989]; People v Cullum, 93 AD3d 856 [2012]; People v Delston, 30 AD3d 536, 536 [2006]; People v Alston, 289 AD2d 339 [2001]). In any event, the defendant’s contention is without merit, as the statutory purposes of CPL 400.21 have been met and the Supreme Court substantially complied with the statute (see People v Bouyea, 64 NY2d 1140, 1142 [1985]). The Supreme Court provided the defendant with notice of the predicate felony statement and an opportunity to be heard. Furthermore, the defendant admitted the allegations in the predicate felony statement, and there is no indication that the defendant contemplated a challenge to the constitutionality of his prior conviction (see People v Bouyea, 64 NY2d at 1142; People v Luisi, 81 AD3d 980 [2011]; People v Glynn, 72 AD3d 1351 [2010]; People v Merriman, 45 AD3d 700 [2007]).
*1032 The defendant’s contention that the Supreme Court failed to conduct a hearing or adduce sufficient evidence to determine the amount of restitution imposed is unpreserved for appellate review, since the defendant failed to request a hearing or otherwise challenge the amount of restitution imposed at sentencing (see People v Toomer, 61 AD3d 899, 900 [2009]). In any event, since the defendant agreed to the amount of restitution imposed as part of a plea agreement, the Supreme Court did not err in imposing restitution without conducting a hearing (see id. at 900).
The defendant’s remaining contention is unpreserved for appellate review and, in any event, without merit. Skelos, J.E, Angiolillo, Dickerson and Hall, JJ., concur.