■ The People of the State of New York, Respondent, v Jerome Evans, Appellant. [993 NYS2d 780]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Toomey, J.), rendered February 22, 2013, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the procedure used to adjudicate

him a second felony offender is not precluded by his purported waiver of his right to appeal, since that waiver was invalid (*see People v Bradshaw*, 18 NY3d 257, 267 [2011]; *People v Brown*, 122 AD3d 133 [2d Dept 2014]; *People v Springer*, 109 AD3d 557 [2013]). Nevertheless, the defendant's contention that he was improperly adjudicated a second felony offender is unpreserved for appellate review (*see People v Proctor*, 79 NY2d 992, 994 [1992]; *People v Smith*, 73 NY2d 961, 962 [1989]; *People v Ervin*, 118 AD3d 910 [2014]) and, in any event, without merit. The People filed a statement pursuant to CPL 400.21 (2), the defendant admitted he was the person convicted of the prior felony, and there is no indication that the defendant intended to claim that his prior conviction was unconstitutionally obtained (*see People v Bouyea*, 64 NY2d 1140, 1142 [1985]; *People v Jackson*, 114 AD3d 807, 809 [2014]; *People v Winslow*, 100 AD3d 1031 [2012]). Furthermore, on appeal, the defendant has not alleged any grounds to controvert the predicate felony statement (*see People v Ingram*, 118 AD3d 722 [2014]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Leventhal, Hinds-Radix, Duffy and LaSalle, JJ., concur.