■ The People of the State of New York, Respondent, v Christopher Laterza, Appellant. [10 NYS3d 881]—Appeals by the defendant from two judgments of the County Court, Suffolk County (Weber, J.), both rendered June 25, 2012, convicting him of attempted burglary in the second degree under indictment No. 497-12 and robbery in the third degree under superior court information No. 1015-12, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's contention that the County Court and the People failed to comply with CPL 400.21 before he was sentenced as a second felony offender under indictment No. 497-2012 is unpreserved for appellate review, since the defendant did not move to vacate his plea or otherwise raise this issue in the sentencing court (*see People v Proctor*, 79 NY2d 992, 994 [1992]; *People v Smith*, 73 NY2d 961, 962 [1989]; *People v Brown*, 123 AD3d 732 [2014]; *People v Gilbert*, 114 AD3d 874 [2014]; *People v Winslow*, 100 AD3d 1031 [2012]). In any event, the defendant's contention is without merit, since the People established that there was substantial compliance with CPL 400.21 at the defendant's arraignment on a predicate felony offender statement filed on June 19, 2012 (*see People v Bouyea*, 64 NY2d 1140, 1142 [1985]).

The sentence imposed under superior court information No. 1015-12 was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Chambers, Cohen, Miller and LaSalle, JJ., concur.