■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER EARL, Appellant. [20 NYS3d 158]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered September 10, 2013, convicting him of predatory sexual assault, rape in the first degree, sexual abuse in the first degree (three counts), criminal possession of a weapon in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of rape in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant correctly contends that rape in the first degree is a lesser included count of predatory sexual assault (see Penal Law §§ 130.35 [1]; 130.95 [1] [b]). Since the defendant's conviction of the greater count operates as a dismissal of the lesser count pursuant to CPL 300.40 (3) (b), we vacate the defendant's conviction of rape in the first degree, and the sentence imposed thereon (see People v Ortiz, 95 AD3d 1140, 1141 [2012]).

The defendant's contention that the County Court should have ordered a mistrial or given more comprehensive curative instructions when one of the People's witnesses behaved inappropriately and disruptively during the witness's testimony is unpreserved for appellate review (see People v Muniz, 44 AD3d 1074 [2007]). In any event, any prejudice to the defendant was alleviated by the court's curative instruction to the jury to disregard the witness's testimony and not to speculate as to what the testimony would have been (see People v Benloss, 60 AD3d 686, 687 [2009]; People v Forte, 4 AD3d 123, 124 [2004]).

The defendant's contention that the County Court and the People failed to comply with CPL 400.21 before he was sentenced as a second felony offender is unpreserved for appellate review (see People v Laterza, 129 AD3d 1105 [2015]). In any event, we find that there was substantial compliance with CPL 400.21, and there is no indication that the defendant had grounds to or intended to challenge the constitutionality of the prior convictions (see People v Evans, 121 AD3d 1012, 1013 [2014]).

The defendant's contention, based on CPL 200.60, that the County Court failed to follow the proper procedures for use of a prior conviction to elevate the level of a charged crime is not preserved for appellate review (*see People v Allen*, 107 AD3d 818, 819 [2013]). In any event, his contention is without merit (*see People v Ward*, 57 AD3d 582, 583 [2008]).

The defendant's remaining contentions are without merit (*see People v Wheeler*, 67 NY2d 960 [1986]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur.