THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Appellant. [38 NYS3d 224]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Toomey, J.), rendered December 20, 2013, as amended June 13, 2014, convicting him of assault in the second degree, assault in the third degree, criminal possession of stolen property in the fourth degree, unlawful imprisonment in the second degree, criminal mischief in the fourth degree, and aggravated harassment in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

The defendant was charged with assault in the second degree, assault in the third degree, unauthorized use of a vehicle in the first degree, criminal possession of stolen property in the fourth degree, unlawful imprisonment in the second degree, criminal mischief in the fourth degree, and aggravated harassment in the second degree. The defendant, represented by counsel, pleaded guilty to every count in the indictment. After he pleaded guilty, but before he was sentenced, the defendant moved to withdraw his plea. The County Court denied the defendant's motion without a hearing, and imposed sentence.

After he was sentenced, the defendant moved, inter alia, pursuant to CPL 440.20 to set aside the sentence imposed on the conviction of unauthorized use of a vehicle in the first degree. On June 13, 2014, upon that motion and upon an application by the People, the County Court vacated the conviction of unauthorized use of a vehicle in the first degree and the sentence imposed thereon, and dismissed that count of the indictment.

The defendant's contention that the County Court improvidently exercised its discretion in denying, without a hearing, his motion to withdraw his plea of guilty is without merit. "The decision to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the

County Court and generally will not be disturbed absent an improvident exercise of discretion" (*People v Douglas*, 83 AD3d 1092, 1092 [2011]; *see* CPL 220.60 [3]; *People v Alexander*, 97 NY2d 482, 485 [2002]). "Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement" (*People v Smith*, 54 AD3d 879, 880 [2008]; *see People v Crawford*, 106 AD3d 832, 833 [2013]). "When a defendant moves to withdraw a guilty plea, the nature and extent of the fact-finding inquiry 'rest[s] largely in the discretion of the Judge to whom the motion is made' and a hearing will be granted only in rare instances" (*People v Brown*, 14 NY3d 113, 116 [2010], quoting *People v Tinsley*, 35 NY2d 926, 927 [1974]). "Where, however, the record raises a legitimate question as to the voluntariness of the plea, an evidentiary hearing is required" (*People v Brown*, 14 NY3d at 116).

Here, the record reflects that the defendant's plea of guilty was knowing, voluntary, and intelligent (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Lopez*, 71 NY2d 662, 666 [1988]). Furthermore, the recantation evidence submitted in support of the defendant's motion to withdraw his plea of guilty was contradicted by the admissions made by the defendant under oath at his plea allocution, and was "insufficient to warrant withdrawal of his plea or a hearing" (*People v Crawford*, 106 AD3d at 833; *see People v Caruso*, 88 AD3d 809, 810 [2011]; *People v Douglas*, 83 AD3d at 1093; *People v Mortensen*, 60 AD3d 971, 971-972 [2009]; *see also People v Upson*, 134 AD3d 1058, 1058-1059 [2015]; *People v Martinez*, 129 AD3d 1106, 1107 [2015]; *People v Dazzo*, 92 AD3d 796, 796 [2012]). Accordingly, under the circumstances of this case, the County Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty.

The defendant's contention that the County Court and the People failed to comply with CPL 400.21 before he was sentenced as a second felony offender is unpreserved for appellate review (*see e.g. People v Laterza*, 129 AD3d 1105, 1105 [2015]). In any event, the defendant's contention is without merit. The People filed a statement pursuant to CPL 400.21 (2), the defendant admitted he was the person convicted of the prior felonies set forth in that statement, and there is no indication that the defendant intended to claim that his prior convictions were unconstitutionally obtained. Under these circumstances, the record adequately demonstrates that there was substantial compliance with CPL 400.21 (*see People v Earl*, 133 AD3d 875, 875 [2015]; *People v Laterza*, 129 AD3d at 1105; *People v Evans*, 121 AD3d 1012, 1013 [2014]; *see also People v*

*Bouyea*, 64 NY2d 1140, 1142 [1985]). Leventhal, J.P., Miller, Duffy and Connolly, JJ., concur.