■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCEL J. COBB, Appellant. [42 NYS3d 342]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Condon, J.), rendered February 24, 2011, convicting him of robbery in the first degree, robbery in the second degree, and robbery in the third degree (four counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant seeks to have his conviction for robbery in the third degree, as charged under count three of the indictment, dismissed on the ground that it is an inclusory concurrent count of the crime of robbery in the second degree, as charged

under count two of the indictment (*see* CPL 300.30 [4]). CPL 300.40 (3) (b) provides that, with respect to inclusory concurrent counts, "[a] verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted." The defendant's reliance on article 300 of the CPL is misplaced, however, as that article "deals only with trials, and has no application to convictions obtained on [a] plea of guilty" (*People v Walton*, 41 NY2d 880, 880-881 [1977]). In contrast, CPL 220.10 (2) provides that, with exceptions not relevant here, "the defendant may as a matter of right enter a plea of 'guilty' to the entire indictment." Here, as part of the negotiated plea agreement, the defendant pleaded guilty to the entire indictment. Accordingly, there is no basis for disturbing his conviction (*see People v Walton*, 41 NY2d 880 [1977]; *People v Bliss*, 245 AD2d 459 [1997]; *People v Freeman*, 117 AD2d 677, 678 [1986]).

The defendant's contention that the County Court failed to comply with CPL 400.21 before he was sentenced as a second felony offender is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Proctor*, 79 NY2d 992, 994 [1992]; *People v Pellegrino*, 60 NY2d 636, 637 [1983]; *People v Luisi*, 81 AD3d 980 [2011]; *People v Steven B.*, 81 AD3d 843, 844 [2011]). In any event, the defendant's contention is without merit, as the statutory purposes of CPL 400.21 have been met and the court substantially complied with the statute (*see People v Bouyea*, 64 NY2d 1140, 1142 [1985]). The court provided the defendant with notice of the predicate felony statement and an opportunity to be heard. Furthermore, the defendant admitted the allegations in the predicate felony statement, and there is no indication that the defendant contemplated a challenge to the constitutionality of his prior conviction (*see People v Rodriguez*, 142 AD3d 1189 [2016]; *People v Earl*, 133 AD3d 875 [2015]; *People v Laterza*, 129 AD3d 1105 [2015]; *People v Evans*, 121 AD3d 1012, 1013 [2014]; *People v Jackson*, 114 AD3d 807, 809 [2014]; *People v Winslow*, 100 AD3d 1031 [2012]; *People v Luisi*, 81 AD3d at 980; *People v McAllister*, 47 AD3d 731, 732 [2008]).

The defendant's remaining contention is without merit (*cf. People v Boyer*, 22 NY3d 15 [2013]). Balkin, J.P., Dickerson, Hinds-Radix and Brathwaite Nelson, JJ., concur.