People v Smothers (2019 NY Slip Op 06633)





People v Smothers


2019 NY Slip Op 06633


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2017-11735
 (Ind. No. 15-01106)

[*1]The People of the State of New York, respondent,
v
Alvin Smothers, appellant.


Samuel S. Coe, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Christine DiSalvo and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barbara Gunther Zambelli, J.), rendered September 13, 2017, convicting him of robbery in the second degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the County Court failed to establish that he was a second felony offender and failed to comply with CPL 400.21 before he was sentenced as a second felony offender is unpreserved for appellate review (see CPL 470.05[2]; People v Proctor, 79 NY2d 992, 994; People v Pellegrino, 60 NY2d 636, 637; People v Luisi, 81 AD3d 980; People v Steven B., 81 AD3d 843, 844). In any event, the defendant's contention is without merit, as the statutory purposes of CPL 400.21 were met and the court substantially complied with the statute (see People v Bouyea, 64 NY2d 1140, 1142; People v Cobb, 145 AD3d 738, 739). The court provided the defendant with notice of the predicate felony statement and an opportunity to be heard. Furthermore, the defendant admitted the allegations in the predicate felony statement, and there is no indication that the defendant contemplated a challenge to the constitutionality of his prior conviction (see People v Rodriguez, 142 AD3d 1189; People v Earl, 133 AD3d 875; People v Laterza, 129 AD3d 1105; People v Evans, 121 AD3d 1012, 1013; People v Jackson, 114 AD3d 807, 809; People v Winslow, 100 AD3d 1031; People v Luisi, 81 AD3d at 980; People v McAllister, 47 AD3d 731, 732).
AUSTIN, J.P., LEVENTHAL, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court