People v Penaranda (2019 NY Slip Op 08870)





People v Penaranda


2019 NY Slip Op 08870


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2017-02329
 (Ind. No. 2625/15)

[*1]The People of the State of New York, respondent,
v
Oswaldo Penaranda, appellant.


Bark & Karpf, Huntington Station, NY (Andrew Karpf of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Michael Brennan and Elizabeth Miller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered December 19, 2016, convicting him of sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty. " Generally, a plea of guilty may not be withdrawn absent some evidence of innocence, fraud, or mistake in its inducement'" (People v Jackson, 170 AD3d 1040, 1040, quoting People v Rodriguez, 142 AD3d 1189, 1190). "When a defendant moves to withdraw a plea of guilty, the nature and extent of the fact-finding inquiry rests largely in the discretion of the court, and a hearing will be granted only in rare instances" (People v Jackson, 170 AD3d at 1040; see People v Tinsley, 35 NY2d 926). Here, the record reflects that the defendant knowingly, voluntarily, and intelligently entered the plea (see People v Jackson, 170 AD3d at 1040; People v Boria, 157 AD3d 811, 812).
Contrary to the defendant's further contention, he did not receive ineffective assistance of counsel with respect to his plea (see People v Boria, 157 AD3d at 812).
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court