■ The People of the State of New York, Respondent, v John Calderon, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Savarese, J.), rendered July 9, 1982, convicting him of robbery in the second degree, criminal possession of stolen property in the second degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by vacating his conviction of criminal possession of stolen property in the third degree and the sentence imposed thereon, and dismissing count four of the indictment charging him with robbery in the second degree. As so modified, judgment affirmed.

By Queens County indictment number 1664/81, defendant was charged with three counts of robbery in the second degree, one count of criminal possession of stolen property in the third degree and one count of criminal possession of stolen property in the second degree, it being alleged that he stole, *inter alia,* the pocketbooks of Lillian Litwak and Ann Steffan on June 9, 1981 at about 10:00 A.M. At the end of the

prosecution's case, defense counsel moved to dismiss all five counts of the indictment. The trial court dismissed the first two counts, which charged robbery in the second degree and criminal possession of stolen property in the third degree, both pertaining to Lillian Litwak.

The trial court subsequently submitted the other two counts of robbery in the second degree and the count of criminal possession of stolen property in the second degree to the jury. The jury returned with the following verdict:

"Has the jury agreed upon a verdict?

"THE FOREMAN: We have.

"THE COURT CLERK: Jurors, please rise. Defendant please rise.

"On Count No. 3, robbery in the second degree, what is your verdict?

"THE FOREMAN: Guilty.

"THE COURT CLERK: On Count No. 4, *criminal possession of stolen property in the third degree,* what is your verdict?

"THE FOREMAN: Guilty.

"THE COURT CLERK: On Count No. 5, criminal possession of stolen property in the second degree, what is your verdict?

"THE FOREMAN: Guilty" (emphasis supplied).

It appears from the record that no one present at the trial realized that the court clerk, instead of asking for the jury's verdict as to count four of the indictment charging defendant with robbery in the second degree, had asked for a verdict as to criminal possession of stolen property in the third degree, so that the jury rendered a verdict on a count no longer in the indictment.

Defendant contends that the court should have explained the defect in the verdict to the jury and had it reconsider the verdict. We agree.

CPL 310.50 (2) provides, *inter alia,* that: "If the jury renders a verdict which in form is not in accordance with the court's instructions or which is otherwise legally defective, the court must explain the defect or error and must direct the jury to reconsider such verdict, to resume its deliberation for such purposes, and to render a proper verdict". The court, therefore, erred when it did not realize that the verdict was improper and did not direct the jury to reconsider the verdict. In the verdict reached by the jury, defendant was convicted of a crime which had not been submitted to it for its consideration. Since the count of the indictment which charged crimi-

nal·possession of stolen property in the third degree had already been dismissed by the court, defendant's conviction of that crime must therefore be vacated.

Moreover, count four of the indictment, which charged defendant with robbery in the second degree, must also be dismissed. "If the court accepts a verdict which is defective or incomplete by reason of the jury's failure to render a verdict upon every count upon which it was instructed to do so, such verdict is deemed to constitute an acquittal upon every such count improperly ignored in the verdict" (CPL 310.50 [3]).

We have reviewed defendant's other contentions and find them to be without merit. Lazer, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.