■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER JARRETT, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Miller, J.), rendered March 7, 1984, convicting him of grand larceny in the third degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed. This case is remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (5).

On April 20, 1983, and again on April 25, 1983, an undercover investigator purchased from the defendant, for $350, a white powdery substance which he believed to be cocaine. Subsequent laboratory tests established that the substance purchased was in fact aspirin. The defendant was charged with one count of attempted criminal sale of a controlled substance in the third degree and one count of grand larceny in the third degree as to each of the transactions involved. At trial, the prosecution established that during each transaction, the defendant told the undercover agent that the substance he was selling was cocaine, that the defendant took $350 each time in return for the substance, and that in each instance the substance transferred was actually aspirin. The trial court reserved decision on the defendant's motion, made at the close of the prosecution's case, to dismiss those counts of the indictment charging him with grand larceny in the third degree, on the ground that the People failed to make out a prima facie case of the defendant's guilt. The defendant then testified on his own behalf that he knew the substance was aspirin, but that he participated in the transaction in order to keep the confidential informant who arranged the sale off his back. The jury found the defendant guilty of two counts of grand larceny

in the third degree and not guilty of two counts of attempted criminal sale of a controlled substance in the third degree. The trial court subsequently denied the defendant's motion to dismiss the grand larceny counts.

On appeal, the defendant contends that the indictment was invalid because it contained inconsistent charges, and that the trial court's failure to dismiss the grand larceny counts at the end of the People's case resulted in a deprivation of his due process rights in that he was compelled to testify and to provide the People with the proof they needed to convict him of grand larceny. These contentions are without merit.

Although two inconsistent charges, such as those contained in the indictment at bar, cannot both be proven beyond a reasonable doubt (see, CPL 300.30 [5]), they may be charged in the same indictment, provided the prosecutor proffers legally sufficient evidence to support both of the charges (see, People v Culligan, 79 AD2d 875).

At bar, the prosecution adduced legally sufficient evidence to support a conviction for either attempted criminal sale of a controlled substance in the third degree or grand larceny in the third degree. The trial court's reserving of its decision on the defendant's motion to dismiss the grand larceny counts was clearly appropriate (see, CPL 290.10 [1]; People v Marin, 102 AD2d 14, 15, affd 65 NY2d 741). In any case had the motion been decided at the close of the People's case, it would have properly been denied. We reject the defendant's argument that he was compelled to testify; he was not compelled to provide the People with the evidence needed to convict him. Once legally sufficient evidence was adduced to support a conviction for either attempted criminal sale of a controlled substance or grand larceny, the defendant chose to testify in the hope that his testimony would persuade the jury to find him not guilty on all the charges. Finally, the trial court sufficiently safeguarded the defendant's rights by submitting the inconsistent counts to the jury in the alternative (CPL 300.40 [5]). Based upon the foregoing, we conclude that the defendant was prosecuted pursuant to a valid indictment, and that that prosecution for inconsistent offenses did not result in a denial of his due process rights.

We have considered the defendant's remaining contentions and find them to be either without merit or unpreserved for our review. Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.