■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD YOUNG, Appellant.—Judgment unanimously affirmed. Memorandum: The evidence of physical injury to the victim was legally sufficient to support defendant's conviction for robbery in the second degree (Penal Law § 160.10 [2] [a]). The victim testified that defendant punched her with his fists, that her left eye was swollen shut, that her nose bled, and that she was in substantial pain. Medical testimony established that the victim's face was swollen, her jaw was tender on palpation, her left eye was swollen around the orbit, and dry blood was found in her left nostril. In our view, this evidence entitled the jury to conclude that the victim suffered physical injury *(see,* Penal Law § 10.00 [9]; *People v Harper,* 145 AD2d 933; *People v Goico,* 122 AD2d 576, *lv denied* 68 NY2d 812).

In affirming defendant's conviction for robbery in the second degree, we do not reach the merits of defendant's contention that the subsequent order restoring the rape count of the indictment to the Trial Calendar and denying defendant's motion to dismiss that count should be reversed on the ground that the prosecution is barred by double jeopardy *(but see,* CPL 310.50; *People v Jackson,* 20 NY2d 440, *cert denied* 391 US 928; *People v Lamb,* 149 AD2d 943; *People v Calderon,* 113 AD2d 894, *lv denied* 67 NY2d 881). That order is not reviewable on this appeal because no appeal lies from an intermediate order denying dismissal of an indictment (CPL 450.10; *see, People v Adorno,* 112 AD2d 308; *People v Taylor,* 100 AD2d 858, 859; *People v Taylor,* 99 AD2d 820).

We have reviewed defendant's remaining contentions and find them to be either unpreserved for our review or lacking in merit. (Appeal from judgment of Erie County Court, Wolfgang, J.—robbery, second degree.) Present—Callahan, J. P., Doerr, Denman, Lawton and Davis, JJ.