■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WORTHY, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hurley, J.), rendered January 3, 1990, convicting him of sexual abuse in the first degree, upon a jury verdict finding him guilty of attempted sexual abuse in the first degree, and imposing sentence for sexual abuse in the first degree.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the County Court, Suffolk County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was charged in a two-count indictment with attempted rape in the first degree and sexual abuse in the first degree for an incident which occurred in the early morning hours of August 1, 1987. These were the only two counts submitted for the jury's consideration, counsel and the trial court having concluded that the submission of any lesser-included offenses would be inappropriate under the circumstances. The jury returned with its verdict, recorded as follows:

"THE CLERK: * * * Will the foreman please rise. Mr. Foreman, has the jury reached a verdict?

"[THE FOREMAN]: Yes, it has.

"THE CLERK: Okay. [Defendant] would you please stand. Ladies and gentlemen of the jury, how did you find the defendant Richard Worthy as to count one, Attempted Rape in the First Degree, guilty or not guilty?

"[THE FOREMAN]: Not guilty.

"THE CLERK: How do you find the defendant as to count two, Attempted Sexual Abuse in the First Degree, guilty or not guilty?

"[THE FOREMAN]: Guilty, guilty.

"THE CLERK: Thank you. Be seated. Ladies and gentlemen of the jury listen to your verdict as the court records it. You say you find the defendant Richard Worthy not guilty as to count one, Attempted Rape in the First Degree, and guilty as to count two, Attempted Sexual Abuse in the First Degree, so say you all?

"THE JURY: Yes.

"THE CLERK: Your verdict is unanimous, correct?

"THE JURY: Yes.

"THE COURT: [Defense counsel], would you like the jury polled?

"[DEFENSE COUNSEL]: Yes, your Honor.

"THE CLERK: Juror Number One, was that your verdict, yes or no?

"JUROR NUMBER ONE: I didn't—

"THE CLERK: (Interjecting) Was that your verdict?

"JUROR NUMBER ONE: Yes" (emphasis supplied).

The remaining jurors assented to the verdict as announced by the court clerk. Neither counsel nor the court appear to have realized that the court clerk, rather than asking for the jury's verdict as to count two of the indictment charging the defendant with sexual abuse in the first degree, mistakenly asked for a verdict as to attempted sexual abuse in the first degree, a crime with which the defendant was not charged. The defendant was sentenced for sexual abuse in the first degree.

On appeal, the defendant asserts that his conviction, be it for sexual abuse in the first degree or attempted sexual abuse in the first degree, must be vacated inasmuch as the jury did not render a verdict on the former count, and the crime as to which the jury did render a verdict was one with which he was not charged. We agree.

CPL 310.50 (3) provides that: "If the court accepts a verdict which is defective or incomplete by reason of the jury's failure to render a verdict upon every count upon which it was instructed to do so, such verdict is deemed to constitute an acquittal upon every such count improperly ignored in the verdict". Inasmuch as the jury cannot be said to have rendered a verdict with respect to the charge of sexual abuse in the first degree, this count of the indictment must be dismissed (see, People v Calderon, 113 AD2d 894).

In view of our determination, we do not address the defendant's remaining contentions. Thompson, J. P., Bracken, Sullivan and Lawrence, JJ., concur.