■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBERTO SANCHEZ, Appellant. [610 NYS2d 831] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered August 28, 1989, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. By order of this Court dated July 27, 1992, the matter was remitted to the Supreme Court, Kings County, for a hearing to resettle the transcript, and the appeal was held in abeyance in

the interim *(People v Sanchez,* 185 AD2d 367). The Supreme Court has now filed its report, and the transcript is resettled.

Ordered that the judgment is affirmed.

After a hearing upon remittitur, the Supreme Court concluded that when asking for the jury's verdict on count four of the indictment, the court clerk properly asked for a verdict as to criminal possession of a controlled substance in the third degree, and that the court reporter erroneously recorded in the minutes that the clerk asked for a verdict on the charge of criminal sale of a controlled substance in the third degree. The determination of the Supreme Court is supported by the record of the hearing, and we find no basis for disturbing it. There is therefore no merit to the defendant's contention that the fourth count of the indictment should be dismissed *(cf., People v Worthy,* 178 AD2d 454).

Equally without merit is the defendant's contention that the trial prosecutor violated the trial court's *Sandoval* ruling. The record indicates that the details of the matter in question were "blurted out by the defendant himself, rather than elicited by specific questions" *(People v Goldring,* 169 AD2d 638, 639). Under these circumstances, a new trial is not warranted *(see, People v Goldring, supra).*

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contentions, including that raised in his supplemental *pro se* brief, and find them to be unpreserved for appellate review and, in any event, without merit. Thompson, J. P., Rosenblatt, Miller and Copertino, JJ., concur.