■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTIAN GAYLORD, Appellant. [621 NYS2d 247] —Judgment unanimously affirmed. Memorandum: County Court properly refused to suppress written statements made to police by defendant, who is hearing-impaired. Defendant indicated that he was comfortable communicating by written questions and answers and defendant's father, who accompanied defendant to the police station, stated that defendant could effectively communicate in that manner. Expert testimony revealed that, although defendant can communicate more effectively by sign language, he is able to understand written English at a Regents proficiency level. Under the circumstances, the assistance of a sign interpreter was not required. We conclude that defendant knowingly, intelligently and voluntarily waived his Miranda rights (cf., People v Ortiz, 198 AD2d 912, lv denied 82 NY2d 928; People v Tesfay, 117 AD2d 1001, lv denied 67 NY2d 951). Further, we conclude that noncompliance with the Rehabilitation Act of 1973 (29 USC § 701 et seq.), the Americans With Disabilities Act (42 USC §§ 12131-12134) or 45 Federal Register 37630 does not, by itself, warrant suppression (cf., People v Patterson, 78 NY2d 711, 714-717).

The victim testified that, in the course of the sexual assault, defendant punched her in the face and forcefully held his hand over her mouth and face. She further testified that, immediately after the assault, she was in "a lot of pain". Medical testimony established that the victim sustained abra-

sions on her face; her face was swollen; there was some bleeding in her right eye; her right breast area was bruised; and she complained of pain while being examined at the hospital. The scratches and abrasions were treated with antibiotic ointment and a tetanus shot. That evidence is sufficient to raise a factual question whether the victim suffered a physical injury as defined by Penal Law § 10.00 (9) *(see, People v Young,* 149 AD2d 916, *lv denied* 74 NY2d 749).

There is no merit to the contention that the delay of less than 12 months between arraignment and trial deprived defendant of his constitutional right to a speedy trial *(see, People v Taranovich,* 37 NY2d 442; *People v Collins,* 98 AD2d 947). (Appeal from Judgment of Genesee County Court, Morton, J.—Rape, 1st Degree.) Present—Denman, P. J., Green, Balio, Callahan and Boehm, JJ.