■ PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant-Respondent, v TOWN OF MARILLA et al., Defendants, and COUNTY OF ERIE et al., Respondents-Appellants. [653 NYS2d 875] —Judgment and order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: We affirm all but the last decretal paragraph of the judgment and order (one document) for reasons stated in the decision at Supreme Court (Rath, Jr., J.). We modify the last decretal paragraph by deleting the second and third limitations upon a further deposition. We add only that the deposition, like any deposition, is governed by the provisions of CPLR 3113 (b). (Appeals from Judgment and Order of Supreme Court, Erie County, Rath, Jr., J.—Summary Judgment.) Present—Lawton, J. P., Fallon, Doerr, Balio and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR HALE, Appellant. (Appeal No. 1.) [654 NYS2d 60] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion to suppress a statement made by defendant to the police. Upon our review of the record, we conclude that the statement was neither obtained in violation of defendant's right to counsel (*see, People v Bing,* 76 NY2d 331, 349) nor induced by improper promises (*see,* CPL 60.45 [2] [b] [i]). We further conclude that the statement was voluntary.

The court's instruction to the jury with respect to the voluntariness of defendant's statement was an accurate statement of the fundamental legal principles and does not require reversal (*see,* CPL 300.10 [2]).

The court properly amended the indictment to reflect that the crime occurred on November 26, 1993 or November 27, 1993, rather than November 25, 1993 or November 26, 1993 (*see,* CPL 200.70 [1]). The amendment did not change the theory of the prosecution or otherwise prejudice defendant, and defendant's motion for a mistrial based upon the amendment was therefore properly denied (*see, People v Spann,* 56 NY2d 469, 472; *People v Palmer,* 152 AD2d 924, *lv denied* 74 NY2d 850).

Because we do not reverse the conviction after trial, we also do not reverse the subsequent conviction of defendant upon his guilty plea (*cf., People v Fuggazzatto,* 62 NY2d 862). (Appeal from Judgment of Monroe County Court, Smith, J.—Burglary, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR HALE, Appellant. (Appeal No. 2.) [653 NYS2d 908] —Judg-

ment unanimously affirmed. Same Memorandum as in *People v Hale* (236 AD2d 807 [decided herewith]). (Appeal from Judgment of Monroe County Court, Smith, J.—Burglary, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN CHRISTOPHER YOUNG, Appellant. [653 NYS2d 879] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that there is insufficient evidence of physical injury to sustain his conviction of assault in the second degree (Penal Law § 120.05 [2]). The evidence, viewed in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), establishes that defendant and three or four other men viciously attacked and beat the victim. The victim died of a stab wound inflicted by one of the other men during the beating. Defendant repeatedly struck the victim with a pipe or stick, resulting in blunt force bruises and abrasions to the victim's face, back and legs. That evidence is sufficient to establish that the victim suffered "substantial pain" (Penal Law § 10.00 [9]; *see, People v Gaylord,* 210 AD2d 980, *lv denied* 84 NY2d 1031; *People v Bailey,* 178 AD2d 846, *lv denied* 79 NY2d 943; *People v Douglas,* 143 AD2d 452; *cf., Matter of Philip A.,* 49 NY2d 198, 200).

Upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Niagara County Court, Fricano, J.—Assault, 2nd Degree.) Present—Green, J. P., Lawton, Fallon, Callahan and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN CULLEN, Appellant. [653 NYS2d 747] —Judgment unanimously affirmed. Memorandum: County Court did not abuse its discretion in limiting the scope of defendant's cross-examination of a prosecution witness regarding the relationship between the witness's brother and defendant's wife. While proof of bias or hostility of a witness is not collateral (*see, People v Gilland,* 110 AD2d 1078), a court may, in the exercise of discretion, properly exclude such proof when it is too remote or speculative (*see, People v Thomas,* 46 NY2d 100, 105-106, *appeal dismissed* 444 US 891; *People v Stewart,* 188 AD2d 626, 627). Upon our review of the record, we conclude that the verdict is not contrary to the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The record also establishes that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147). The sentence imposed is not unduly harsh or severe. Defendant's remaining contentions are not