■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIS D. DUDLEY, Also Known as L.S. Appellant. [816 NYS2d 253]—

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered October 26, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), defendant contends that the indictment was jurisdictionally defective because the date of the offenses charged was incorrect. That contention is without merit. "[A] mistake with respect to date, time or place is a technical defect rather than 'a jurisdictional defect vital to the sufficiency of the indictment' " (*People v Cox*, 275 AD2d 924, 925 [2000], *lv denied* 95 NY2d 962 [2000], quoting *People v Kepple*, 98 AD2d 783, 783 [1983]). Thus, "because defendant's contention raises only a technical defect rather than a jurisdictional one, that contention was forfeited by defendant's plea of guilty" (*Cox*, 275 AD2d at 925; *see People v Hansen*, 95 NY2d 227, 231 [2000]; *see also People v Williams*, 25 AD3d 927, 929 [2006]). In any event, County Court properly granted the People's motion to amend the indictment to state the correct date of the offenses charged (*see* CPL 200.70 [1]; *People v Davis*, 21 AD3d 590, 592 [2005]; *People v Butler*, 272 AD2d 900 [2000], *lv denied* 95 NY2d 864 [2000]).

The further contention of defendant that he was deprived of his constitutional right to a speedy trial is not forfeited by his guilty plea (*see People v Taylor*, 65 NY2d 1, 5 [1985]), nor is it foreclosed by his waiver of the right to appeal (*see People v Campbell*, 97 NY2d 532, 535 [2002]). Nevertheless, "[w]hile defendant did make a motion to dismiss the indictment under CPL 30.30, he made no motion to dismiss based on the contention he now advances . . . [and thus] has failed to preserve that contention for our review" (*People v Cedeno*, 52 NY2d 847, 848 [1981]; *see People v Lieberman*, 47 NY2d 931 [1979]). In any event, that contention is without merit (*see People v Gaylord*, 210 AD2d 980, 981 [1994], *lv denied* 84 NY2d 1031 [1995]; *see generally People v Taranovich*, 37 NY2d 442, 444-445 [1975]; *People v Walker*, 2 AD3d 1454 [2003], *lv denied* 2 NY3d 808 [2004]).

Finally, the waiver by defendant of the right to appeal encompasses his contention that the sentence is unduly harsh or severe (*see People v Lococo*, 92 NY2d 825, 827 [1998]; *People v Joyner*, 19 AD3d 1129 [2005]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Hayes, JJ.