■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL G. MILCZAKOWSKYJ, Appellant. [900 NYS2d 573]—

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, J.), rendered June 3, 2008. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and harassment in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of assault in the second degree (Penal Law § 120.05 [1]) and harassment in the second degree (§ 240.26 [1]) resulting from two incidents of domestic violence between defendant and his girlfriend. Defendant was convicted of assault based on the first incident, during which he punched the victim in her left breast and broke two of her ribs. According to the victim, the second incident occurred approximately seven weeks later, when defendant threw her to the ground and landed on top of her, further injuring her ribs. The victim also alleged that

defendant held her against her will at gunpoint and that, the following evening, he threatened to shoot her with a rifle if she left the house. Defendant was convicted of harassment as a result of the second incident but acquitted of all other related charges, including felony assault and unlawful imprisonment.

Defendant failed to preserve for our review his contention that the evidence of serious physical injury is legally insufficient to support the assault conviction inasmuch as he made only a general motion for a trial order of dismissal that was not directed at that ground (*see People v Gray*, 86 NY2d 10, 19 [1995]). Defendant likewise failed to preserve for our review his further contention that County Court erred in allowing an expert to testify concerning the effects of post-traumatic stress disorder on battered women (*see* CPL 470.05 [2]). In any event, "[t]hat testimony was relevant to explain behavior on the part of the [victim] that might seem unusual to a lay jury unfamiliar with the patterns of response exhibited by a person who has been physically . . . abused over a period of time" (*People v Nelson*, 57 AD3d 1441, 1442 [2008] [internal quotation marks omitted]; *see generally People v Hodgins*, 277 AD2d 911 [2000], *lv denied* 96 NY2d 784 [2001]).

Contrary to defendant's further contention, the court properly granted the motion of the People to amend the indictment to reflect the correct date of the first incident. Defendant was provided with ample notice of the proposed amendment, and the amendment did not change the theory of the prosecution (*see People v Hale* [appeal No. 1], 236 AD2d 807 [1997], *lv denied* 89 NY2d 1036 [1997]; *see generally People v Dudley*, 28 AD3d 1182 [2006], *lv denied* 7 NY3d 788 [2006]). Defendant failed to preserve for our review the majority of his present objections to alleged instances of prosecutorial misconduct (*see* CPL 470.05 [2]). In any event, even assuming, arguendo, that some of the alleged instances were improper, we conclude that none was so egregious as to deny defendant a fair trial (*see People v Hightower*, 286 AD2d 913, 915 [2001], *lv denied* 97 NY2d 656 [2001]). The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that none requires reversal. Present—Centra, J.P., Carni, Lindley, Green and Gorski, JJ.