OPINION OF THE COURT
Abdus-Salaam, J.
In this appeal, we are asked to determine whether defendant’s trial counsel was ineffective. Because counsel’s alleged failures were insufficient to overshadow her overall meaningful representation of defendant, we hold that defendant received effective assistance of counsel.
L
Defendant Gordon Gross was accused of child sexual abuse, which resulted in him being indicted for course of sexual conduct against a child in the first degree (see Penal Law § 130.75 [1] [b]) and endangering the welfare of a child (see Penal Law § 260.10 [1]). During trial, the child victim testified that defendant subjected her to sexual abuse over a number of years, including anal penetration. She testified that she disclosed the sexual abuse to a number of individuals, including her mother, sister and school principal, and two police officers assigned to investigate her allegations. After this testimony, defendant’s counsel did not request a limiting instruction that the child’s statements of prior disclosures should not be considered in determining the truth of the child’s allegations.
The People called as witnesses the child’s mother, sister and school principal, and the two officers. During each witness’s testimony, defense counsel successfully objected when the witness was asked a question intended to elicit an answer regarding the specific statements of abuse the child disclosed to that *692 witness. The People also called Dr. Danielle Thomas-Taylor, a child sex abuse expert, who examined the child at the People’s request approximately three years after her last allegation of sexual abuse. Over defense counsel’s objection, Dr. Thomas-Taylor was permitted to testify that the child told her that defendant sexually abused her by anal penetration. Dr. Thomas-Taylor also described her physical examination, stating that the child “had a generally normal physical examination.” Despite that conclusion, Dr. Thomas-Taylor opined that the normal results of the child’s physical examination did not negate the possibility that the child was anally penetrated some time before. Specifically, she stated she would not expect to see scarring after some years because the anus “heals very quickly, within a day or two.”
During the People’s summation, the prosecutor argued that the key to determining that the child was telling the truth was her prior consistent statements, referencing all the prosecution witnesses who testified that the child had disclosed to them her allegations of sexual abuse. Following deliberations, the jury found defendant guilty of course of sexual conduct against a child in the first degree and endangering the welfare of a child. Defendant was sentenced to a determinate term of 25 years in prison with 10 years of postrelease supervision. The judgment was affirmed by the Appellate Division (see People v Gross, 79 AD3d 1660 [4th Dept 2010]) and his criminal leave application on his direct appeal was denied by a Judge of this Court (see People v Gross, 16 NY3d 895 [2011]).
Defendant moved for post-conviction relief pursuant to CPL 440.10 (1) (h). Defendant argued that his state and federal constitutional rights to effective assistance of counsel were violated by his trial counsel’s failure to oppose the admission and use of the prior consistent statements of the child which bolstered her credibility. Additionally, defendant argued that his trial counsel was ineffective for failing to consult or present testimony from a qualified independent medical expert to support his contention that no sexual abuse occurred. In an affirmation from defendant’s current attorney accompanying the motion, the attorney indicates that he spoke with defendant’s trial counsel who stated that “she did not consult with nor call an expert because she had not anticipated that the People would be permitted to have Dr. Thomas Taylor testify as to what [the child] told her or that the doctor would testify that the medical finding had no significance.”
*693 County Court denied the motion, holding that the failure of defendant’s trial counsel to object to the admission of the child’s prior disclosures did not render her ineffective. Additionally, the court found that defendant’s trial counsel was not ineffective for failing to call an expert witness, noting that defendant did not offer an expert opinion that some indicia of sex abuse would have been likely. Thus, based on the record alone the court rejected defendant’s arguments and denied his motion. The Appellate Division, with two Justices dissenting, affirmed, concluding that the testimony regarding the child’s prior disclosures did not constitute improper bolstering because it was not admitted for its truth but rather to demonstrate how the child disclosed the abuse, thereby commencing the investigation into her allegations (see People v Gross, 118 AD3d 1383, 1384 [4th Dept 2014]). Further, the Court concluded that defendant received meaningful representation despite his trial counsel’s failure to object to the prosecutor’s summation comments or to call a medical expert to testify on defendant’s behalf. Therefore, the Court concluded that trial counsel was not ineffective. The dissenting Justices voted to reverse. In their view, defendant’s trial counsel’s failure to object to inadmissible testimony regarding the child’s prior consistent statements deprived him of his right to effective assistance of counsel (see id. at 1386).
IL
On a CPL 440.10 motion pursuant to subdivision (1) (h), the burden is on the defendant to demonstrate that “[t]he judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States” (CPL 440.10 [1] [h]), here his right to effective assistance of counsel. On an ineffective assistance of counsel claim under the Sixth Amendment to the United States Constitution, a defendant must demonstrate that (1) his or her attorney committed errors so egregious that he or she did not function as counsel within the meaning of the United States Constitution, and (2) that counsel’s deficient performance actually prejudiced the defendant (see Strickland v Washington, 466 US 668, 687-688 [1984]). New York’s constitutional requirement of effective assistance of counsel is met when “the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation” (People v Benevento, 91 NY2d 708, 712 [1998]).
*694 Defendant argues that his trial counsel was ineffective for failing to call an expert witness who could testify that the absence of physical evidence here could indicate that the victim was never anally raped by defendant. He asserts that trial counsel should have called an expert witness who could have testified that the victim’s allegations of painful anal rape should have resulted in lasting physical trauma which could be detected some years after the last allegation of anal penetration. As support, he points to three studies. Defendant, however, failed to provide a proper foundation for the courts to consider these studies, as he did not include an affidavit by a medical expert explaining the conclusions of the studies or how those conclusions support his contentions. He thus has failed to meet his burden of demonstrating that his trial counsel was ineffective for failing to call an expert under either the federal or state standard.
We have held on numerous occasions that counsel will not be found ineffective where he or she had a strategic reason for the failure complained of by defendant (see People v Barboni, 21 NY3d 393, 405-406 [2013]). Defendant’s trial counsel articulated reasons for not calling an expert witness, and those reasons were arguably legitimate. Therefore, defense counsel was not ineffective.
III.
The testimony of each of the prosecution witnesses here was properly admitted into evidence as background information, completing the narrative of how defendant came to be investigated for sexually abusing the child. Thus, the courts below properly held that the statements did not constitute improper bolstering.
“The term ‘bolstering’ is used to describe the presentation in evidence of a prior consistent statement” (People v Smith, 22 NY3d 462, 465 [2013]). This Court has repeatedly held that it is generally improper to introduce testimony that the witness had previously made prior consistent statements, when there is no claim of either prompt outcry or recent fabrication (see People v Rosario, 17 NY3d 501 [2011]; see also People v Fisher, 18 NY3d 964, 966 [2012]; People v McClean, 69 NY2d 426 [1987]). In People v Smith, we recognized that such evidence “may, by simple force of repetition, give to a jury an exaggerated idea of the probative force of a party’s case” (Smith, 22 NY3d at 466). A prior consistent statement may be admissible *695 when it is offered not for its truth, but for some other relevant purpose, for example to assist in “explaining the investigative process and completing the narrative of events leading to the defendant’s arrest” (People v Ludwig, 24 NY3d 221, 231 [2014]).
Our decision in People v Ludwig similarly concerned allegations by the defendant that trial testimony improperly bolstered the child victim’s claims of sexual abuse. In that case, the child victim’s brother testified that one day while he and his sister — the child victim — were playing in the backyard, the child victim stated that the backyard smelled like something that happened with her dad. After being questioned by her brother as to the meaning of her statement, the child victim stated that the backyard smelled like penis. The brother made the child victim go inside and tell their mother what she had just said. The brother was allowed to testify to those statements over the defendant’s objection. This Court determined that the brother’s testimony was admissible as background information that assisted with the investigative process. So too here, the testimony of the child’s mother, sister and principal and the two officers was admissible as necessary background information to demonstrate what ultimately led to defendant’s arrest. The testimony of those witnesses included nonspecific statements that the child had made a disclosure and described what steps they took after hearing the disclosure.
In Ludwig, we acknowledged that “New York courts have routinely recognized that ‘nonspecific testimony about [a] child-victim’s reports of sexual abuse [does] not constitute improper bolstering [when] offered for the relevant, nonhearsay purpose of explaining the investigative process’ ” and assisting in the completion of the narrative of events which led to the defendant’s arrest (id. at 231, quoting People v Rosario, 100 AD3d 660, 661 [2d Dept 2012]). Here, the testimony of the child’s mother, sister and principal and the two officers fulfilled these legitimate nonhearsay purposes, and defense counsel’s objections to the testimony of the witnesses ensured that the witnesses did not specifically repeat what the child told them.
The majority of Dr. Thomas-Taylor’s testimony as to the child’s specific allegations of sexual abuse was admissible under People v Spicola (16 NY3d 441 [2011]). In Spicola, we held that testimony of a nurse-practitioner concerning the child’s history of sexual abuse was permissible testimony because the child’s statements to the nurse-practitioner “were germane to diagnosis and treatment” and therefore “were properly admit *696 ted as an exception to the hearsay rule” (16 NY3d at 451). Applying Spicola here, the trial court properly admitted Dr. Thomas-Taylor’s testimony. The testimony explained why the child was being examined by Dr. Thomas-Taylor and why the normal results of the physical examination did not indicate that the child had not been subjected to sexual abuse. This background information completed the narrative and was properly permitted under the exception to the hearsay rule. Moreover, defense counsel lodged an objection to Dr. Thomas-Taylor’s testimony concerning the child’s history; however, that objection was overruled. Defense counsel can hardly be deemed ineffective on this score.
Trial counsel’s failure to request that a limiting instruction be given to the jury that the child’s testimony concerning the disclosures she made to other individuals should not be accepted for the truth of her allegations, does not render her ineffective in light of the totality of her representation of defendant (see People v Benevento, 91 NY2d 708, 712 [1998] [requiring examination of the totality of counsel’s performance to evaluate effectiveness]; People v Baldi, 54 NY2d 137, 147 [1981]). Moreover, defense counsel was not ineffective for failing to object to the prosecutor’s summation comments referencing the testimony of the witnesses to whom the victim had disclosed. Despite the dissent’s argument to the contrary, the failure to object to the prosecutor’s statement on summation does not negate the overall meaningful representation provided to defendant by his counsel. Defense counsel zealously advocated for defendant, making multiple successful objections which limited the testimony of several prosecution witnesses. Additionally, defense counsel may have made a strategic choice not to object during summation given that the witnesses were not able to testify to the specifics of the child’s allegations (see People v Barboni, 21 NY3d 393, 405-406 [2013]). She may have felt that such an objection would not be worthwhile given the limited testimony elicited from the witnesses. Such a strategic decision does not support a finding of ineffectiveness (see People v Barboni, 21 NY3d 393, 405-406 [2013]).
IV.
It is within the trial court’s discretion to determine whether a hearing on a CPL 440.10 motion should be ordered (see People v Jones, 24 NY3d 623, 635 [2014]; People v Satterfield, 66 NY2d 796, 799 [1985]). This Court, however, may review that *697 determination for an abuse of discretion (see Jones, 24 NY3d at 635). No abuse occurred in this case, as the record clearly indicates that defendant’s trial counsel was not ineffective.
Accordingly, the Appellate Division order should be affirmed.