People v Watkins (2020 NY Slip Op 04265)





People v Watkins


2020 NY Slip Op 04265


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


598 KA 18-00241

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUDSON WATKINS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Onondaga County Court (Stephen J. Dougherty, J.), rendered September 22, 2017. Defendant was resentenced upon his conviction of rape in the first degree. 
It is hereby ORDERED that the resentence so appealed from is unanimously reversed on the law and the matter is remitted to Onondaga County Court for the filing of a new persistent violent felony offender statement and resentencing.
Memorandum: Defendant was convicted upon a jury verdict of, inter alia, rape in the first degree (Penal Law § 130.35 [3]), and he now appeals from a resentence with respect to that conviction. Defendant contends that County Court erred in resentencing him as a persistent violent felony offender. We agree. As relevant here, a person is a persistent violent felony offender when he or she "stands convicted of a violent felony offense . . . after having previously been subjected to two or more predicate violent felony convictions"
(§ 70.08 [1] [a]). The sentences upon the predicate violent felony convictions "must have been imposed not more than ten years before commission of the felony of which the defendant presently stands convicted" (§ 70.04 [1] [b] [iv]). However, "[i]n calculating the ten year period . . . , any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such ten year period shall be extended by a period or periods equal to the time served under such incarceration" (§ 70.04 [1] [b] [v]). It is undisputed that, here, the sentences for defendant's two prior violent felony convictions were imposed more than 10 years before defendant committed the subject violent felony offense (see §§ 70.04 [1] [b]; 70.08 [1] [a], [b]). Thus, the prior violent felony convictions may be considered predicate violent felony convictions only in accordance with the tolling provision of section 70.04 (1) (b) (v) based upon defendant's subsequent periods of incarceration.
Because the tolling provision of Penal Law § 70.04 (1) (b) (v) is implicated, the persistent violent felony offender statement filed by the People was required to "set forth the date of commencement and the date of termination as well as the place of imprisonment for each period of incarceration to be used for tolling of the ten year limitation" (CPL 400.15 [2]; see CPL 400.16 [1], [2]). Here, however, the statement filed by the People did not comply with that requirement (see People v Gines, 284 AD2d 134, 135 [1st Dept 2001]; see also People v Hamilton, 49 AD3d 1163, 1164 [4th Dept 2008]). Moreover, contrary to the position taken by the People that the statement substantially complies with CPL 400.15, the absence of the required information deprived defendant of the requisite "reasonable notice and an opportunity to be heard" with respect to the tolling period (People v Bouyea, 64 NY2d 1140, 1142 [1985]; see People v Todd, 88 AD2d 886, 886-887 [1st Dept 1982]). We therefore reverse the resentence, and we remit the matter to County Court for resentencing, to be preceded by the filing of a new [*2]persistent violent felony offender statement (see Hamilton, 49 AD3d at 1164; Gines, 284 AD2d at 134-135; see also People v Cortez, 66 AD3d 431, 431-432 [1st Dept 2009]; People v Tatta, 177 AD2d 674, 674-675 [2d Dept 1991], lv denied 79 NY2d 923 [1992]). In light of our determination, we do not address defendant's remaining contentions.
Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of rape in the first degree under Penal Law § 130.35 (1), and it must therefore be amended to reflect that he was charged and convicted under section 130.35 (3).
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court