People v Hall (2021 NY Slip Op 02901)





People v Hall


2021 NY Slip Op 02901


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND TROUTMAN, JJ.


191 KA 17-01715

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMES E. HALL, II, DEFENDANT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.
LEANNE K. MOSER, DISTRICT ATTORNEY, SYRACUSE, D.J. & J.A. CIRANDO, PLLC (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Lewis County Court (Daniel R. King, J.), rendered February 17, 2017. The judgment convicted defendant upon a jury verdict of course of sexual conduct against a child in the first degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Lewis County Court for the filing of a new second felony offender statement and resentencing.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]) and endangering the welfare of a child (§ 260.10 [1]). Defendant was convicted following a retrial after we reversed his previous judgment of conviction based on an error by County Court (Merrell, J.) in denying defendant's request to remove his shackles during the trial without making findings on the record concerning the necessity for such restraints (People v Hall, 142 AD3d 1295, 1296 [4th Dept 2016], lv denied 28 NY3d 1145 [2017]).
Defendant failed to preserve for our review his contention that he was deprived of due process by the People eliciting certain testimony from two witnesses to bolster the testimony of the victim (see People v Paul, 171 AD3d 1555, 1558 [4th Dept 2019], lv denied 33 NY3d 1107 [2019], reconsideration denied 34 NY3d 983 [2019]; People v Marks, 182 AD2d 1122, 1122-1123 [4th Dept 1992]). In any event, the testimony of the police investigator did not constitute bolstering testimony (see generally People v Spicola, 16 NY3d 441, 452 [2011], cert denied 565 US 942 [2011]). The investigator simply explained why certain investigative techniques, such as trying to obtain DNA evidence, were not used in this case. In addition, the testimony of the victim's aunt that the victim made certain "troubling comments" to her was properly admitted to explain the investigative process and complete the narrative of events leading to defendant's arrest (see People v Hymes, 174 AD3d 1295, 1299 [4th Dept 2019], affd 34 NY3d 1178 [2020]; People v Ludwig, 24 NY3d 221, 231 [2014]). Defendant never requested a limiting instruction with respect to the testimony of the victim's aunt and thus failed to preserve for our review his contention that the court (King, J.) should have given one (see People v Nicholson, 26 NY3d 813, 830 [2016]; People v Standsblack, 162 AD3d 1523, 1527 [4th Dept 2018], lv denied 32 NY3d 1008 [2018]).
We reject defendant's further contention that defense counsel's failure to object to the testimony of those two witnesses and failure to request a limiting instruction constituted ineffective assistance of counsel. Defendant failed to demonstrate the absence of strategic or other legitimate explanations for defense counsel's alleged failures (see Hymes, 34 NY3d at 1179). The testimony of the witnesses did not constitute improper bolstering testimony, and therefore any objection thereto would have had little or no chance of success (see People v [*2]Thomas, 176 AD3d 1639, 1641 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]). Further, defense counsel may have decided to forego any request for a limiting instruction with respect to the aunt's testimony because such an instruction may have only highlighted her testimony for the jury (see generally id.).
We reject defendant's contention that he was prejudiced by the court's delay in ruling on his trial order of dismissal motion until after the verdict was rendered (see People v Jarrett, 118 AD2d 657, 658 [2d Dept 1986], lv denied 67 NY2d 944 [1986]; see generally CPL 290.10 [1]; People v Marin, 102 AD2d 14, 15 [2d Dept 1984], affd 65 NY2d 741 [1985]). We agree with defendant, however, that he was improperly sentenced as a second felony offender. As relevant here, a person is a second felony offender when he or she "stands convicted of a felony . . . , after having previously been subjected to one or more predicate felony convictions" (Penal Law § 70.06 [1] [a]). The sentence upon the predicate felony conviction "must have been imposed not more than ten years before commission of the felony of which the defendant presently stands convicted" (§ 70.06 [1] [b] [iv]). In calculating that ten-year period, however, "any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such ten[-]year period shall be extended by a period or periods equal to the time served under such incarceration" (§ 70.06 [1] [b] [v]).
Here, the sentence for the predicate felony was imposed more than 10 years before defendant committed the instant offense, and thus the predicate felony may be considered a predicate felony conviction only in accordance with the tolling provision of section 70.06 (1) (b) (v) based upon defendant's subsequent periods of incarceration. When the tolling provision of Penal Law § 70.06 (1) (b) (v) is implicated, the second felony offender statement filed by the prosecutor "shall set forth the date of commencement and the date of termination as well as the state or local incarcerating agency for each period of incarceration to be used for tolling of the ten year limitation" (CPL 400.21 [2]).
In this case, the People filed a second felony offender statement setting forth the predicate felony and the date of conviction, but they did not set forth the dates when or the locations where defendant was incarcerated. At sentencing, the prosecutor asserted that defendant's time in custody for the predicate felony exceeded 27½ months, but it does not appear that the People gave to defendant or the court any document setting forth that information. While defendant admitted the prior conviction, he objected to the calculation of the tolling period. Thus, the court erred in adjudicating defendant a second felony offender without first giving him reasonable notice and an opportunity to be heard as to the "length and location of the prior sentence he served" (People v Bouyea, 64 NY2d 1140, 1142 [1985]; see People v Spencer, 165 AD3d 706, 707 [2d Dept 2018]; see also People v Watkins, 185 AD3d 1521, 1522 [4th Dept 2020]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing, to be preceded by the filing of a new second felony offender statement (see Watkins, 185 AD3d at 1522). In light of our determination, we do not address defendant's remaining contentions.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court