# State of New York Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 23  SSM 33
The People &c.,
        Respondent,
     v.
Guillermo Ortiz,
        Appellant.

Submitted by Gabe Newland, for appellant.
Submitted by Jared Wolkowitz, for respondent.

MEMORANDUM:

The order of the Appellate Division should be affirmed.

Defendant contends that the police engaged in improper pre-*Miranda* custodial interrogation and, as a result, his post-*Miranda* statements and the gun and ammunition

- 1 -

should have been suppressed. However, defendant's contention that the subsequent statements and physical evidence were fruit of the unwarned statement is unpreserved for our review (*see People v Panton*, 27 NY3d 1144, 1145 [2016]).

While defendant's initial unwarned statement, made in response to custodial interrogation, should have been suppressed, that error was harmless beyond a reasonable doubt. Given the overwhelming evidence against defendant, including the videotaped statement made more than 24 hours after the unwarned statement, there was no reasonable possibility that his unwarned statement contributed to the verdict (*see People v Romero*, 27 NY3d 981, 982 [2016]; *People v Crimmins*, 36 NY2d 230, 237 [1975]; *see also People v Ortiz*, 189 AD3d 587, 587 [1st Dept 2020]). Furthermore, defendant failed to demonstrate that he was denied the effective assistance of counsel (*see Strickland v Washington*, 466 US 668, 687, 694 [1984]; *People v Benevento*, 91 NY2d 708, 713 [1998]) and the trial court did not abuse its discretion by denying defendant's CPL 440.10 motion without a hearing (*see People v Gross*, 26 NY3d 689, 696-697 [2016]). Defendant's remaining contention that his pre-*Miranda* statement violated the New York State Constitution is unpreserved.

On review of submissions pursuant to section 500.11 of the Rules, order affirmed, in a memorandum. Chief Judge DiFiore and Judges Rivera, Garcia, Wilson, Singas, and Cannataro concur.

Decided January 11, 2022