People v Burke (2025 NY Slip Op 00735)

People v Burke

2025 NY Slip Op 00735

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

2 KA 22-00257

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARCUS BURKE, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (ALEXANDER PRIETO OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered April 5, 2021. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]). The charges arose after defendant pointed a gun in the direction of the victim and pursued the victim for a short period of time with his gun drawn. We affirm.
We reject defendant's contention that a Facebook image of defendant depicting him wearing the same clothes as the perpetrator wore at the time of the incident was not properly authenticated. The authenticity of the image was established by the testimony of a witness who had personal knowledge of defendant and who verified that the image "accurately represented the subject matter depicted" (People v Byrnes, 33 NY2d 343, 347 [1974]; see People v Jordan, 181 AD3d 1248, 1249-1250 [4th Dept 2020], lv denied 35 NY3d 1067 [2020]; see generally People v Thomas, 176 AD3d 1639, 1641 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]).
We reject defendant's contention that he was denied effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]). We conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that defendant received meaningful representation (see People v Gross, 26 NY3d 689, 696 [2016]; Baldi, 54 NY2d at 147).
Finally, the sentence is not unduly harsh or severe.
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court