People v Wright (2025 NY Slip Op 03875)

People v Wright

2025 NY Slip Op 03875

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, NOWAK, AND KEANE, JJ.

99 KA 23-01490

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHAWN WRIGHT, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DAVID D. BASSETT OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Rory A. McMahon, J.), rendered January 13, 2023. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]).
Contrary to defendant's contention, the indictment provided sufficient notice of the crimes charged. "[A]n indictment is jurisdictionally defective only if it does not effectively charge the defendant with the commission of a particular crime" (People v Iannone, 45 NY2d 589, 600 [1978]), "such as where it 'fails to allege that a defendant committed acts constituting every material element of the crime charged' or the 'acts it accuses defendant of performing simply do not constitute a crime' " (People v Saenger, 39 NY3d 433, 438 [2023]; see People v Shrubsall, 217 AD3d 1532, 1534 [4th Dept 2023], lv denied 40 NY3d 1082 [2023]). "[A] mistake with respect to date, time or place is a technical defect rather than a jurisdictional defect vital to the sufficiency of the indictment" (People v Dudley, 28 AD3d 1182, 1183 [4th Dept 2006], lv denied 7 NY3d 788 [2006] [internal quotation marks omitted]). Here, we conclude that County Court "properly granted the People's motion to amend the indictment to state the correct date of the offenses charged" (id.; see CPL 200.70 [1]; People v Hale [appeal No. 1], 236 AD2d 807, 807 [4th Dept 1997], lv denied 89 NY2d 1036 [1997]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), and according great deference to the factfinder's resolution of credibility issues (see People v Graham, 221 AD3d 1439, 1440 [4th Dept 2023], lv denied 41 NY3d 1018 [2024]), we conclude that the verdict is not against the weight of the evidence (see generally People v Baque, 43 NY3d 26, 30 [2024]; People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's contention that he was denied effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]). We conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, reveal that defendant received meaningful representation (see generally People v Gross, 26 NY3d 689, 696 [2016]; Baldi, 54 NY2d at 147).
Defendant further contends that the court erred in adjudicating him a persistent violent felony offender inasmuch as the People failed to comply with the statutory provisions regarding the predicate violent felony statement because the initial statement did not include the dates [*2]during which defendant was incarcerated for two prior felony convictions (see CPL 400.15 [2]; 400.16 [2]). Although the People conceded that the initial predicate statements did not include the dates of incarceration (see CPL 400.15 [2]), the record establishes that the People subsequently provided a revised persistent violent felony statement that included the dates of incarceration, and the court gave defendant the opportunity to challenge the calculation of the tolling periods with respect to the dates defendant was incarcerated (see generally Penal Law § 70.04 [1] [b] [v]; CPL 400.15 [2]). We therefore conclude that the People "appris[ed] the court of the prior conviction[s] and provid[ed] defendant with reasonable notice and an opportunity to be heard" with respect to the dates of incarceration (People v Bouyea, 64 NY2d 1140, 1142 [1985]; cf. People v Watkins, 185 AD3d 1521, 1521-1522 [4th Dept 2020]), and remittal for another persistent violent felony offender hearing "would be futile and pointless" (Bouyea, 64 NY2d at 1142).
We conclude that defendant's constitutional challenge to the persistent violent felony offender statute is not preserved for our review (see People v Hernandez, — NY3d &mdash, &mdash, 2025 NY Slip Op 00904, *3 [2025]; see generally People v Cabrera, 41 NY3d 35, 42 [2023]).
We have considered defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court